Nellie Mondt, Administratrix of the Estate of Gerald Mondt, Deceased, Appellant, v. Charles Ehrenwerth, Appellee.

Gen. No. 33,118.

Heard in the first division of this court for the first district at the October term, 1928. Opinion filed January 21, 1929.

HERMANN P. HAASE, for appellant.

LOUIS A. HEILE, for appellee; CARL W. R. WERMINE, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This is an action on the case for alleged negligence causing the death of plaintiff's intestate, a boy five years of age.

At the close of plaintiff's evidence, the court instructed the jury to return a verdict for defendant, and from the judgment entered on this verdict the plaintiff has appealed. The controlling question in the case is whether the court erred in directing the verdict.

The declaration is in three counts, the first of which is based on the statute, the second on general negligence, and the third on the theory of an attractive nuisance.

The accident in which the intestate lost his life occurred on June 23, 1925.. There is no conflict in the evidence upon any material fact. The proof tends to show that at the time alleged the defendant Ehrenwerth conducted a paint and hardware store in the City of Chicago, wherein with other articles he was accustomed to sell benzine and turpentine. His daughter acted as his assistant and was in charge of the store on this particular day and by defendant authorized to sell benzine. He had conducted the store for three years.

William Vavernetz was a boy who lived in the neighborhood and was at this time between 13 and 14 years of age. He attended St. Mercier School with other children of his age and in June, 1925, passed examinations with an average of 84. He had known defendant's store for a long time and had been sent there many times by his parents to purchase benzine. On this particular day his mother told him to get benzine for the purpose of cleaning some paint brushes. He took with him an empty paint can which he had used for the same purpose on other occasions, went to defendant's store and told Carrie Ehrenwerth, who was in charge, that his mother had sent him to get some benzine and that she wanted to clean some paint brushes. He does not remember whether or not the can was corked. On each prior occasion when he had purchased benzine (sometimes from the defendant himself), he had been sent there by his father or mother and in every case took the benzine right home and never set fire to it. The can was a gallon varnish can with a piece of yellow paper on it containing something written on the paper. Carrie Ehrenwerth gave him the benzine in this can and he paid her 10 cents for it. He does not remember that Carrie wrote anything on the can. Taking the benzine with him, on his way home he met a neighbor boy, named Peter Zinko.

William asked Peter if he wanted to see a stone burn, and Peter said, "Yes." William poured some benzine on the stone and lighted it, and it started to burn. Peter wanted to see it burn higher, so William put the can almost into the fire and the can exploded.

Gerald Mondt, the deceased, was a boy five years and seven months of age. On the morning of this day he was playing with his brother Harold, then three years of age, in a lot next to his home. Harold climbed over the fence and Gerald went into the house and told his mother that Harold had left the yard. The mother went through the house and out of the front door and Gerald followed her. She noticed William and Peter standing by a willow tree in the front of the next lot where the children were accustomed to play. Harold was then playing with other children three lots away. He called, "Mama," and the mother answered, "It is you I am after." The mother turned and heard a scream from Gerald. She rushed to him and found him on fire. He was badly burned and was taken to the hospital where he died about four o'clock on that day as a result of the burns which he received at that time, from this flaming benzine.

There is of course no doubt as to the rule of law which must be applied in determining the question of whether the court erred in instructing the jury to return a verdict for the defendant. If there is any evidence considered in the light most favorable to the plaintiff under which on any count a jury could reasonably return a verdict in favor of the plaintiff, it is error to give such an instruction.

The plaintiff contends that upon any one of the three counts of this declaration there was sufficient evidence to go to the jury. The statute set forth in the first count is paragraph 326-351 of chapter 38 of the Illinois Revised Statutes (see Cahill's St. ch. 38, ¶ 326; Smith-Hurd, 1927, p. 971), approved June 28, 1919, and is

entitled "An Act to regulate the storage, transportation, sale and use of gasoline and other volatile oils." The first section thereof provides:

"That it shall be unlawful for any person, firm, association or corporation to keep, store, transport, sell or use any crude petroleum, benzine, benzel, gasoline, naptha, ether or other like volatile combustibles, or other compounds, in such manner or under such circumstances as will jeopardize life or property."

The second section of the act, Cahill's St. ch. 38, ¶ 327, gives to the Department of Trade and Commerce power to make and adopt reasonable rules and regulations concerning the transportation, sale and use of such oils except in cities or villages where regulatory ordinances upon the subject are in full force and effect. The third section, Cahill's St. ch. 38, ¶ 328, provides penalties for the violation of any of the provisions of the act.

Insofar as the briefs disclose this statute has never been construed by the courts of this State. However, we do not hesitate to hold that the facts disclosed by the evidence fail to show that this particular sale was made under such circumstances as would jeopardize life or property within the meaning of this statute. It is suggested that the sale of an article such as benzine to a boy 13 years old is such a circumstance, but the evidence indicates that the boy was authorized to purchase the benzine by his mother; that he had purchased the same article theretofore, and, moreover, the evidence affirmatively shows that he knew the character and qualities of the article. It is suggested that he should have been warned of the dangerous character of the article sold. The reply to this suggestion is that a warning would not have added anything to his knowledge. It is suggested that a stopper or a cork that could not be easily removed by the boy should have been put in the can, but there is no evidence to indicate

that the girl who sold the benzine could have put in any stopper or cork which the boy would not have been able to remove had he wished to do so. We hold that the statute was not applicable to the transaction in question and that the evidence does not disclose a violation of its provisions.

It is also urged that the case should have gone to the jury under the third count which was drawn upon the theory of an attractive nuisance, but this contention cannot be seriously entertained. The doctrine of attractive nuisance was first announced in the "turntable cases" so called (*Sioux City & P. R. Co. v. Stout,* 17 Wall. [U. S.] 657), and has been developed in an attempt to define the social duties of owners of land towards children entering upon premises without permission by which under ordinary circumstances they would become trespassers, thus precluding recovery for injuries sustained by reason of the negligence of the landowner. In general it has been held that where an injury results from some dangerous element, a part of or inseparably connected with an alluring thing which exists with the landowner's permission upon the land, the law will presume that the maintaining of such attractive device or allurement is an invitation to the child by the landlord, in which case when injury occurs he may not successfully defend upon the theory that the child injured is a trespasser. *Holmberg v. City of Chicago,* 244 Ill. App. 505; *Flis v. City of Chicago,* 247 Ill. App. 128; *Burns v. City of Chicago,* 248 Ill. App. 204, are some cases which seem to hold that the doctrine is not limited to owners and occupants of land. Obviously, that doctrine has no application to the facts of this case. *Anderson v. Karstens,* 218 Ill. App. 285, and cases there cited.

It remains to consider whether there are any facts under the second count which charged general negligence that should have been submitted to the jury.

The question of the liability in tort of vendors, contractors and manufacturers to third parties who have no contractual relationship to them was considered by this court in *Davidson v. Montgomery Ward & Co.*, 171 Ill. App. 355, a case which has been recently followed in *Miller v. Sears, Roebuck & Co.*, 250 Ill. App. 340. It was there in substance held that in general there is no liability, but to this general rule there are exceptions: (1) Where the act of negligence is with reference to some article imminently dangerous to the life or health of human kind; (2) where an owner's act of negligence causes an injury to one invited upon the owner's premises; (3) where one sells an article imminently dangerous to life and limb without giving notice of its qualities; (4) where false representations, express or implied, have been made as to the quality of the thing manufactured or sold. We have already stated our holding that benzine in the small quantity here sold cannot be considered an imminently dangerous article. A jury could not on the evidence in this record reasonably find that it was imminently dangerous. It could not therefore reasonably find any duty to disclose such quality and it is not claimed that there was any false representation express or implied. Benzine in this small quantity was no more dangerous than many other articles for which parents send children to the neighboring store.

No expert evidence was submitted, nor perhaps was any necessary, to show the difference between the quality and character of the benzine and nitroglycerin, which was the article causing the injury in one of the cases plaintiff cites. *Bunyan v. American Glycerin Co.*, 230 Ill. App. 351.

We are constrained to hold that under no theory which has been suggested could a jury reasonably have found any negligence on the part of defendant in connection with this transaction. To hold a defendant

liable for injuries sustained by third persons under circumstances such as appear here would be to render retail trade and business of vendors extremely hazardous and to place upon them a burden greater than could be borne.

We are, moreover, compelled to affirm this judgment, because, even assuming negligence under any of the different counts to have been established, it conclusively appears upon this record that such negligence was not the proximate cause of the injury to plaintiff's intestate. *Hartnett v. Boston Store of Chicago,* 265 Ill. 331, is conclusive upon this proposition, and it is unnecessary to repeat here what is stated in that case by the Supreme Court. Assuming negligence the injury here was not the natural and probable result of the assumed negligent act or omission, but on the contrary was proximately caused by a subsequent, independent act of another. At most, it can only be said that the sale of the benzine created a condition which made the injury to the intestate possible. This is not sufficient to establish liability.

We hold that the sale of the benzine in this case was not the proximate cause of this most regrettable death.

The judgment of the trial court will be affirmed.

*Affirmed.*

O'Connor, P. J., and McSurely, J., concur.