THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALLIED OWNERS CORPORATION et al., Appellants, against WILLIAM S. MILLER, as President of the Tax Commission of the City of New York, et al., Respondents. [DeKalb Ave. and Debevoise Place, Borough of Brooklyn.] — In a consolidated proceeding to review assessments on appellants' real property, final order, insofar as appealed from, unanimously affirmed, with $50 costs and disbursements. No opinion. Present — Johnston, Acting P. J., Adel, Nolan, Sneed and Wenzel, JJ.

HENRY J. RENDICH, Appellant, v. PREFERRED MUTUAL FIRE INSURANCE COMPANY OF CHENANGO COUNTY et al., Respondents.— Order dismissing the third cause of action for insufficiency reversed on the law, with $10 costs and disbursements, and the motion to dismiss said cause of action denied, with $10 costs. The third cause of action alleges facts sufficiently indicating that the individual defendant, acting outside his authority as a corporate officer, sought to extort a private advantage and to obtain a secret profit from the plaintiff; and that upon the failure of such attempt, he induced the corporation, against its best interests, to breach a corporate contract with the plaintiff. (Navarro v. Fiorita, 271 App. Div. 62, affd. 296 N. Y. 783; 3 Fletcher's Cyclopedia Corporations [Perm. ed.], § 887.) Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur. [See post, p. 892.]

HILMA E. SUNDVICK, Appellant, v. EINAR T. SUNDVICK, Respondent.— Action for divorce. Judgment for the defendant, dismissing the complaint on the merits, unanimously affirmed, without costs. No opinion. Present — Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ.

JAMES TRAYNOR, JR., an Infant, by JAMES TRAYNOR, SR., His Guardian ad Litem, et al., Appellants, v. UNITED CIGAR-WHELAN STORES CORP., Respondent.— In an action by the infant plaintiff to recover damages for personal injuries, and by his father for medical expenses and loss of services, the complaint was dismissed on the opening statement of counsel. It was plaintiffs' theory as set forth in their pleadings and stated on the opening, that a closed bottle of cigarette-lighter fluid, sold by defendant to the eleven-year-old infant plaintiff, was an inherently dangerous object; and that defendant was liable for the personal injuries sustained by the infant when he uncorked the bottle, applied a match thereto, and was burned by the ensuing flame. Judgment unanimously affirmed, with costs. We are of the opinion that, as a matter of law, the cigarette-lighter fluid was not a dangerous substance within the doctrine that one who puts a dangerous implement in the hands of a person incompetent to use it is chargeable with knowledge of the consequences. (Cf. Perry v. Rochester Lime Co., 219 N. Y. 60, 66.) The fluid was an article in common use, not inherently dangerous, and the occurrence was not of such a character that reasonable prudence and foresight would forecast its happening. Defendant's act was not the proximate cause of the injuries, a cause of action was not stated, and the complaint was properly dismissed. Present — Lewis, P. J., Carswell, Adel, Sneed and Wenzel, JJ.

HAROLD WANDY, Appellant, v. BOULEVARD TRANSIT LINES, INC., et al., Respondents.— Action to recover damages for personal injuries suffered by plaintiff when struck by a motor bus owned by the corporate defendant and operated by one of its employees. Judgment in favor of defendants, entered upon the verdict of a jury, unanimously affirmed, with costs. No opinion. Present — Johnston, Acting P. J., Adel, Nolan, Sneed and Wenzel, JJ.