[No. 39149.    Department One.    July 18, 1968.]

GLADYS P. SMITH, *Respondent*, v. B & I SALES COMPANY, *Appellant*.*

*Detels, Draper & Marinkovich* and *Frank W. Draper*, for appellant.

*Griffin, Boyle & Enslow*, for respondent.

WEAVER, J.—This is an action for damages for personal injuries sustained by plaintiff while she was a customer in defendant's store.

At the close of plaintiff's case, defendant challenged the legal sufficiency of the evidence, and requested dismissal of the complaint. The court dismissed the action with prejudice on the ground that negligence had not been proved.

Plaintiff was injured when she fell as she walked around the corner of a display counter in defendant's market. The

*Reported in 443 P.2d 819.

counter was an island made of tiered shelves in a pyramid shape. The bottom shelf, on the end of the island, projected into the main aisle. The shelf was only a few inches above the floor; its corners were not rounded. As plaintiff turned the corner, her shoe caught on the sharp corner; she fell.

Upon plaintiff's motion, the trial court granted a new trial. Defendant appeals.

■ Defendant's challenge to the sufficiency of the evidence at the end of plaintiff's case admits the truth of plaintiff's evidence, and all inferences that can be reasonably drawn therefrom. It requires that the trial court, and this court upon appeal, interpret the evidence most strongly against defendant and most favorably for plaintiff. *Hayes v. Hulswit*, 73 Wn.2d 796, 440 P.2d 849 (1968).

After a review of the record, we conclude that the court erred when it sustained defendant's challenge to the sufficiency of the evidence; and that the order granting plaintiff a new trial was proper.

■ The care owed a business invitee is thoroughly discussed in *Wardhaugh v. Weisfield's, Inc.*, 43 Wn.2d 865, 264 P.2d 870 (1953). If reasonable minds can differ over whether it was negligence to construct and maintain a low shelf with sharp overhanging corners that protrude into the aisle of defendant's market, the issue must be resolved by the jury. *Cf. Petey v. Larson*, 28 Wn.2d 790, 183 P.2d 1020 (1947) (pile of cardboard cartons). It is only when the facts are such that all men must reach the same conclusion that the question is one of law for the court. *Lambert v. Smith*, 54 Wn.2d 348, 353, 340 P.2d 774 (1959).

The jury should have been allowed to pass upon the question of negligence; hence, it was not error to grant a new trial.

Next, defendant urges that plaintiff was chargeable with contributory negligence as a matter of law. Defendant's contention is based upon a portion of plaintiff's testimony:

A. Well, the counter, the ledge is about this high from the floor (indicating), and there is a sharp corner and this sticks out farther than the counter that has things on it, so as you walk around you see this, you think you're

missing it but there is something down right against the floor, and unless you're standing, looking directly down, you don't see that it's sticking out, and it's very easy to hit. If it were rounded, like most of the counters, you wouldn't catch it.

On cross-examination, plaintiff amplified:

A. . . . but this is the deceptive thing. It [the shelving] slants and this protrudes so much lower than what the—the bottom protrudes a lot more than what the bottom shelf, so that you don't realize—Q. Pardon me, before you turned the corner, did you look down at the bottom shelf? A. Yes, and I thought I was missing it. Q. Did you see the bottom shelf? A. Evidently I didn't see this corner as far out as it was. I glanced down and I figured I was missing, like you would walk around this corner (indicating), you think you're missing, but there is something protruding farther and I didn't see what was at the bottom. Q. You did look down at the lower shelving before you turned the corner? A. I had looked where I was walking and I didn't see this corner out this far. Q. You knew— A. (interposing) It's pretty hard to see. Q. You knew, of course, that you were walking relatively close to the shelving as you came around the corner? A. No, I figured I was giving it plenty of room, because of the slant that was on there.

■■ Where there is no reason to anticipate a hazard, reasonable care does not require one who is walking in a place provided for the purpose, to keep his eyes riveted to the floor immediately in front of his feet. *Smith v. Manning's Inc.,* 13 Wn.2d 573, 126 P.2d 44 (1942); *Simpson v. Doe,* 39 Wn.2d 934, 239 P.2d 1051 (1952). The issue of contributory negligence should not be taken from the jury unless the acts done were so palpably negligent as to preclude the possibility of a difference of opinion.

The record does not support defendant's contention that plaintiff was chargeable with contributory negligence as a matter of law; it presents a jury question.

The order granting a new trial is affirmed.

FINLEY, C. J., ROSELLINI and McGOVERN, JJ., and WARD, J. Pro Tem., concur.

---

October 1, 1968. Petition for rehearing denied.