[No. 39631.    Department One.    February 6, 1969.]

GARY HOLLAND, *Appellant,* v. COLUMBIA IRRIGATION
DISTRICT, *Respondent.*

BILL BUTLER, *Appellant,* v. COLUMBIA IRRIGATION DISTRICT,
*Respondent.**

*Horton & Wilkins,* by *Hugh B. Horton,* for appellants.

*Thomas B. Gess,* for respondent.

NEILL, J.—Two actions for damage to plaintiffs' properties caused by the overflow of an irrigation ditch were consolidated for jury trial. The court ordered separate trials on the issues of liability and damages. Upon completion of the plaintiffs' cases at the trial as to liability, the court granted defendant's motion to dismiss for insufficiency of the evidence. Plaintiffs appeal.

Plaintiffs live on the east side of South Dayton Place, between West 16th and West 18th Avenues in Kennewick, but not in adjoining premises. An irrigation ditch owned and operated by defendant is located to the rear of plaintiffs'

*Reported in 450 P.2d 488.

homes. The water in the ditch flows in a southerly direction past the plaintiffs' properties, under a low, narrow bridge at West 19th, past the Washington Street school, and finally under another bridge at South Washington Street.

On May 6, 1966, a severe wind whipped through the Kennewick area carrying with it a large number of tumbleweeds which were deposited in the irrigation ditch. The ditch became clogged with weeds and overflowed later that day.

Two housewives, Mrs. Betty Faris and Mrs. Barbara Navarre, who lived north of the plaintiffs, testified that the ditch was covered with weeds and the water level was high on the morning of May 6th. Mrs. Faris noticed the condition of the ditch at 6 a.m. Seeing none of defendant's employees working on the ditch, she called defendant's office at 2 p.m. and was advised that "they were as busy as they could be, and we would just have to wait until they could get there." Mrs. Navarre also called the defendant about 3 p.m. and notified them of the condition of the ditch. She was advised that they knew of the problem and would take care of it. Each of these witnesses placed the time of overflow at about 4:30 p.m. that afternoon, and each stated that she saw no one working on the ditch on that day.

Plaintiff Butler is a practical (not registered) civil engineer in charge of engineering projects for the city of Kennewick. He testified as to the location of two turnouts where the water in the irrigation ditch could have been diverted. He stated that, if the turnouts had been opened, a large amount of water would have been diverted thus lowering the water level and avoiding the flood. One of the turnouts, a spillway at Columbia Park, was finally opened about 5 or 5:30 p.m. by the defendant; but after the water had begun to overflow the side of the ditch. This was about 15 hours after the weed problem in the ditch became apparent.

Another witness, Jeff Mewes, age 13, testified that the tumbleweeds almost covered the surface of the water in the ditch. He observed no one working to clear the weeds until about 6 p.m. He testified that about 4:30 p.m. the

water began to trickle into the Washington Street school yard, which is about two blocks from plaintiff Holland's property and about one block from plaintiff Butler's property. The water did not reach the plaintiffs' properties until about 6 p.m.

The issue determinative of this appeal is: Did plaintiffs present sufficient evidence to take the question of the defendant's liability to the jury?

■ The rule in this jurisdiction applying to challenges to the sufficiency of evidence in jury cases was aptly stated in *Hellriegel v. Tholl,* 69 Wn.2d 97, 98, 417 P.2d 362 (1966), wherein this court stated:

> The rule which the trial court must apply in passing on a motion for a nonsuit is stated in *Parrish v. Ash,* 32 Wn.2d 637, 648, 203 P.2d 330 (1949). It reads:
>
> > A challenge to the sufficiency of the evidence, a motion for nonsuit, a motion for a directed verdict, or a motion for judgment notwithstanding the verdict admits the truth of the opposing party's evidence and all inferences that reasonably can be drawn therefrom and requires that the evidence be interpreted most strongly against the moving party and in the light most favorable to the party against whom the motion is made. *Billingsley v. Rovig-Temple Co.,* 16 Wn. (2d) 202, 133 P. (2d) 265; *White v. Fenner,* 16 Wn. (2d) 226, 133 P. (2d) 270.

*See also Lockett v. Goodill,* 71 Wn.2d 654, 656, 430 P.2d 589 (1967); *Brant v. Market Basket Stores, Inc.,* 72 Wn.2d 446, 433 P.2d 863 (1967); *Smith v. B & I Sales Co.,* 74 Wn.2d 151, 443 P.2d 819 (1968).

From the foregoing, it is clear that, where there are justifiable inferences from the evidence upon which reasonable minds might reach different conclusions, the questions are for the jury and not for the court to decide. No element of discretion is lodged in the trial court in such matters unless it can be held as a matter of law that there is no evidence or reasonable inference therefrom to sustain a verdict for the opposing party. *Miller v. Payless Drug Stores,* 61 Wn.2d 651, 379 P.2d 932 (1963).

██ The liability of owners of irrigation works is stated in 30 Am. Jur. *Irrigation* § 86 (1958):

> [I]t is the prevailing view that the proprietor of an irrigation conduit is not an insurer against damage which may result from its operation, but is liable only in case he has been negligent in the construction, maintenance, or operation of his irrigation works . . . .

We adopted this view in *Longmire v. Yelm Irrigation Dist.*, 114 Wash. 619, 195 Pac. 1014 (1921). *See Dalton v. Selah Water Users' Ass'n*, 67 Wash. 589, 122 Pac. 4 (1912); *Robillard v. Selah-Moxee Irrigation Dist.*, 54 Wn.2d 582, 343 P.2d 565 (1959). *Cf., Clark v. Icicle Irrigation Dist.*, 72 Wn.2d 201, 432 P.2d 541 (1967).

The testimony of the plaintiffs' witnesses when construed most favorably to the plaintiffs indicates justifiable inferences that the defendant was negligent in the operation and maintenance of the irrigation ditch. Defendant is shown to have had notice of a severe weed condition at 2 a.m. This fact is buttressed by the testimony of Mr. Claude McCormick, the present manager of defendant district. Throughout the day, defendant received calls about the unusual weed condition and the rising water level in the ditch, to which they replied that they were working on it and would take care of it when they were able to get there. The testimony indicated that two spillways, which, if opened, would have lowered the water level, were not opened until after the water began to overflow the banks of the ditch. Then, only one of the two spillways was opened. Further, none of the witnesses saw any of the defendant's employees working to clear the ditch of weeds until about 6 p.m.

It can be reasoned that the evidence, while in no way conclusive, when construed most favorably to the plaintiffs, does give the inference that the defendant was negligent in the maintenance and operation of the irrigation ditch. Therefore, the court erred in dismissing the plaintiffs' actions at the completion of their cases.

Judgment reversed and remanded for new trial.

Hunter, C. J., Rosellini, Hale, and McGovern, JJ., concur.

March 31, 1969. Petition for rehearing denied.