[No. 40366.   En Banc.   April 30, 1970]

JOHN V. EGAN et al., *Appellants,* v. RICHARD L. MORRIS et al., *Respondents.*[*]

*Royal & Coates,* by *Raymond Royal,* for appellants.

*Dodd, Russell, Hamlin & Coney* and *Ralph Bouma,* for respondents.

WEAVER, J.—Plaintiff appeals from a judgment dismissing his action for damages with prejudice.

[*]Reported in 468 P.2d 681.

---

Plaintiff does not assign error to the findings of fact.[1] ROA I-43 requires that they be accepted as the established facts of the case. The only question posed is whether the trial court erred when it concluded that plaintiff did not prove that defendant's acts were the cause of plaintiff's alleged damage.

The salient facts found by the trial court are these:

Plaintiff Egan is a licensed real estate broker with approximately 16 years' experience both in Oregon and Washington; he is experienced in buying and selling residential and commercial properties, including apartment houses. He was the owner of a 5-unit apartment house for a number of years. He was familiar with escrow instructions, title reports, earnest money agreements, and all other documents customarily used in buying and selling real property.

During the summer of 1965, plaintiff negotiated with defendant Richard L. Morris, of Morris Investments and Realty Inc., for the purchase of a 17-unit apartment house. After plaintiff had made a cursory inspection of 4 units of the building, Morris and plaintiff, together, worked out and prepared an earnest money agreement, which plaintiff signed, to be presented to Mrs. Mary Phillips, the seller. After the seller's acceptance, the earnest money agreement

---

[1]Plaintiff claims the court erred

(a) "in failing to make findings of fact relating to appellant's main contention . . ."

(b) "in the manner and form of preparing and setting forth the findings of fact . . ."

(c) "in ignoring plaintiff's request for inclusion of additional facts . . ."

(d) "in not making appropriate concise findings of fact upon both sides' theories of the case . . ."

(e) "in not finding that respondents engaged in illegal practice of law . . ."

(f) "in not finding that the above was the proximate cause of appellant's loss . . ."

Items (e) and (f) *supra* are really conclusions of law. The remainder of the assignments of error are only an invitation for this court to examine the record de novo and substitute its findings for those made by the trial court. The assignments do not meet the requirements of ROA I-43.

was submitted to defendant Northwest Bonded Escrows, Inc. The agreement was assigned to an employee, Mrs. Anita Zinter, for closing.

A preliminary title insurance report disclosed certain indebtedness and utility charges against the property. When informed of this, Mrs. Phillips advised Mrs. Zinter of the terms agreeable to her, principally the payment or assumption of all indebtedness against the property and the payment of the delinquent utility charges. In addition, Mrs. Phillips required sufficient cash to assist her to move from Seattle.

Mrs. Zinter rewrote the earnest money agreement in accordance with Mrs. Phillips' instructions. The purchase price was $62,000.

Prior to closing the transaction, plaintiff was advised by defendant Morris and by Mrs. Zinter of the indebtedness to be assumed, of the utility payments to be made, and of certain repairs that should be made to the building to make it an income-producing investment. Plaintiff's wife advised against the transaction; a friend advised him to obtain the services of a lawyer. Plaintiff disregarded the advice.

Plaintiff admitted, that at the time of closing the transaction, Mrs. Zinter insisted on reading the escrow instructions to him. He testified that "I could have taken more time, that nobody twisted my arm, that it was my own free and voluntary act."

Because of plaintiff's financial condition, he surrendered the premises in November, 1965.

Plaintiff's complaint advances two theories in support of his claim for $6,000 damages: first, certain material representations made by defendant Morris were false; and second, the defendant escrow company undertook the practice of law without a license, in violation of RCW 2.48.180,[2] and

---

[2]"Any person who, not being an active member of the state bar, or who after he has been disbarred or while suspended from membership in the state bar, as by this chapter provided, shall practice law, or hold himself out as entitled to practice law, shall be guilty of a misdemeanor: *Provided, however,* Nothing herein contained shall be held to in any way affect the power of the courts to grant injunctive relief or to punish as for contempt."

was negligent when it rewrote the earnest money agreement.

We need not consider the first contention. No error is assigned to the court's finding of fact that there is no evidence of any fraudulent conduct.

As to the second contention, the trial court concluded:

The defendants did not unlawfully practice law. Even were it assumed they did, however, such practice was not the proximate cause of damage to the plaintiff.

The court stated in its memorandum decision:

Neither Mrs. Zinter's conduct nor Mr. Morris' conduct caused plaintiff's problems. Plaintiff himself was the sole proximate cause of his problems.

It is clear the trial court concluded that there was no causal link between the escrow company's draftsmanship of the amended earnest money agreement under Mrs. Phillips' direction and plaintiff's loss. We agree.

■ In *Rikstad v. Holmberg,* 76 Wn.2d 265, 268, 456 P.2d 355 (1969), the elements of proof necessary for recovery in tort were set forth:

Plaintiff's evidence must demonstrate that (1) there is a statutory or common-law rule that imposes a *duty* upon defendant to refrain from the complained of conduct and that is designed to protect the plaintiff against harm of the general type; (2) the defendant's conduct violated the duty; and (3) there was a sufficiently close, actual, causal connection between defendant's conduct and the actual damage suffered by plaintiff.

Assuming that plaintiff's evidence established elements (1) and (2) (questions which we do not decide), he could not recover without showing how the actions of defendant escrow company were the cause of his actual damages.

The judgment is affirmed.

HUNTER, C. J., FINLEY, ROSELLINI, HAMILTON, HALE, NEILL, and McGOVERN, JJ., concur.