ROBERT VAN SKIKE, a Minor, by his Mother and Next Friend, SHARON PILARCZYK, Plaintiff-Appellant, *v.* JACK ZUSSMAN *et al.,* Defendants-Appellees.

(No. 58036; )

First District (2nd Division)—October 1, 1974.

*Rehearing denied October 25, 1974.*

Baskin, Server, Berke & Rosenbloom, of Chicago (Joseph B. Leder-leitner, of counsel), for appellant.

Clausen, Hirsh, Miller & Gorman and Schwartz and Ginsberg, both of Chicago (James T. Ferrini and Charles B. Bernstein, of counsel), for appellees.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Robert Van Skike, a 6-year-old minor, brought this action by his mother to recover damages for injuries caused by fire while he endeavored to fill a toy cigarette lighter with lighter fluid. The defendants were Jack Zussman, doing business as J. B. Specialties, who owned and operated a gumball machine which dispensed the miniature toy lighter, and Steven Rivera, doing business as Rivera Food & Liquors, who owned the premises on which the gumball machine was placed and who had sold the lighter fluid to the minor plaintiff. Plaintiff appeals from an order of the trial court dismissing the complaint for failure to state a cause of action.

The one count complaint alleged that on September 3, 1971, the plaintiff was a 6-year-old child and an invitee on the premises of defendant Rivera's food and liquor store wherein co-defendant Zussman owned and operated a gumball machine filled with gumballs and prizes, including a miniature cigarette lighter. The complaint further alleged that the minor plaintiff obtained the miniature cigarette lighter as a prize from said gumball machine and then immediately purchased lighter fluid from defendant Rivera and "set himself on fire when he attempted to fill the lighter with the lighter fluid." The complaint charged defendants with negligence in giving cigarette lighters as prizes in gumball machines and in selling lighter fluid to the minor plaintiff when the defendants knew or should have known that the lighter and lighter fluid were dangerous to children of tender years. It was further alleged that the defendants negligently failed to warn of the danger involved; failed to remove the cigarette lighters from the gumball machine; and improperly maintained, operated, and inspected the premises and gumball machine therein, permitting a child of tender years to use it to his inquiry. Defendant Rivera filed an answer to the complaint.

Upon motion of defendant Zussman, the trial court ordered that the complaint be stricken for failure to state a cause of action and that plaintiff be given 42 days within which to file an amended complaint. Plaintiff failed to plead over, and, upon expiration of the 42 days, the case was dismissed on the motion of defendant Rivera.

On appeal, plaintiff urges that the complaint alleged facts sufficient to state a cause of action against both defendants as concurrent tortfeasors. ■■ A complaint for negligence must set out: the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately resulting from the breach. (*Mieher v. Brown,* 54 Ill.2d 539, 301 N.E.2d 307.) The existence of a duty is a question of law to be determined by the court. *Barnes v. Washington,* 56 Ill.2d 22, 305 N.E.2d 535.

As to defendant Zussman, plaintiff alleges that he knew or should have known that he had placed his cigarette lighter dispensing machines in a store that sold flammable fluids. It is conceded by plaintiff that the lighter was a toy rather than a functional lighter; but, plaintiff argues, the fact that the miniature lighter was nonfunctional is of no consequence, for a toy lighter, as in the present case, can cause injury in the same way that a functional lighter might. The argument runs that it is not the name or label of the object which is determinative, but rather the use which the object itself suggests be made of it. The minor plaintiff thought the toy was functional, and defendant Zussman is negligent for failure to foresee a young boy's lack of judgment.

■■ Although foreseeability is generally accepted as the test to be applied by a jury in determining if a duty has been violated, in defining the scope of the duty there are many factors other than foreseeability that may condition a judge's imposing or not imposing a duty in the particular case. (*Mieher v. Brown, supra.*) Not only will he court consider the likelihood of the injury, the magnitude of the burden of guarding against it, and the consequences of placing that burden upon defendant (*Lance v. Senior,* 36 Ill.2d 516, 224 N.E.2d 231), but considerations of public policy are important as well. (*Mieher v. Brown, supra.*) In addition, in determining whether there was a legal duty, the occurrence involved must not have been simply foreseeable, as the plaintiff contends; it must have been reasonably foreseeable. The creation of a legal duty requires more than a mere possibility of occurrence. *Cunis v. Brennan,* 56 Ill.2d 372, 308 N.E.2d 617.

■■ Tested by these general principles, we conclude that the complaint failed to state a cause of action against defendant Zussman. We initially note that the lighter which defendant dispensed in his gumball machines was merely a nonfunctional toy; it did not produce the spark or emit the flame which, in the words of the complaint, "caused plaintiff to set himself on fire." Plaintiff's theory must therefore be that it is reasonably foreseeable that a child who purchases a toy similitude will (1) perceive the object to be an actual fire producing mechanism; (2) and purchase a flammable liquid with which to operate the mechanism; and yet (3)

will obtain some external source of fire which ignites the flammable liquid.

Plaintiff provides no authority in support of his theory and we are of the opinion that the events upon which plaintiff seeks to state a cause of action against defendant Zussman do not, in contemplation of law, establish a duty. Viewing the concept of duty from a foreseeability perspective alone, we cannot say the dispensing of miniature toy lighters in an establishment which sells lighter fluid creates a reasonably foreseeable risk of harm.

We turn next to the contention that the complaint stated a cause of action against defendant Rivera. Although not clearly delineated, plaintiff apparently alleges the following alternative theories of recovery; (1) that lighter fluid is an inherently dangerous substance and therefore within the doctrine that one who places a dangerous implement in the hands of a person incompetent to use it is chargeable with knowledge of the consequences; (2) the sale of lighter fluid to a minor is actionable on general principles of negligence; and (3) the sale of lighter fluid to a minor on the same premises on which miniature toy lighters are dispensed is sufficient to impose liability.

■■ At common law the legal principle is established that if one sells a dangerous article or instrumentality such as firearms or explosives to a child whom he knows or ought to know to be, by reason of youth and inexperience, unfit to be trusted with it, and might innocently and ignorantly play with it to his injury, and injury does result, he may be found guilty of negligence and consequently liable in damages. Annot., 20 A.L.R.2d 119, 124 (1951).

In *Mondt v. Ehrenwerth*, 251 Ill.App. 226, defendant had sold 10 cents worth of benzine to a boy of 13 who subsequently, while demonstrating to a 5-year-old child how the substance would burn, ignited the benzine, causing the can to explode and resulting in the infant's death. The court held that the benzine, in the small quantity so sold, could not be considered an imminently dangerous article. Directly on point is *Traynor v. United Cigar-Whelan Stores Corp.*, 274 App. Div. 880, 79 N.Y.S.2d 329, where a closed bottle of cigarette lighter fluid sold by the defendant to an 11-year-old child who uncorked the bottle, applied a match thereto, and was burned by the ensuing flame, was held not to be a dangerous instrumentality within the doctrine that one who puts a dangerous implement in the hands of a person incompetent to use it is chargeable with knowledge of the consequences.

Upon the basis of the foregoing authority, we conclude that lighter fluid is not inherently dangerous, with the result that the selling of it to minors does not impute to the vendor a knowledge of the consequences.

The possibility always exists that a child purchasing lighter fluid, paint, glue, hairspray, or like products, will improperly ignite the product of his injury; however, the creation of a legal duty requires more than the mere possibility of occurrence. (*Cunis v. Brennan, supra.*) In this regard, we note the language of the *Traynor* decision in holding that a complaint, alleging the sale of lighter fluid to an 11-year-old minor who sustained injuries when he subsequently ignited the substance, failed to state a cause of action:

> "The fluid was an article in common use, not inherently dangerous, and the occurrence was not of such a character that reasonable prudence and foresight would forecast its happening." 79 N.Y.S.2d 329, 330.

■■ The mere possibility that a minor purchasing lighter fluid might place a match or some other external source of fire thereto, resulting in uncontrolled ignition, does not justify the imposition of a prohibition against the sale of such products to minors. Apart from the likelihood of injury, the court must also consider the magnitude of the burden of guarding against it and the consequences of placing that burden upon the defendant. (*Lance v. Senior, supra.*) The burden of liability for self-inflicted injuries sustained by minors who purchase household flammables, absent something which would give notice of the likelihood of such misuse in a given case, would render retail trade extremely hazardous. (See *Mondt v. Ehrenwerth, supra.*) Accordingly, we hold that the sale of lighter fluid to a 6-year-old child, in and of itself, does not state a cause of action against the vendor when the minor sustains injuries resulting from the ignition of the substance by an external source of fire. *Traynor v. United Cigar-Whelan Stores Corp., supra.*

■■ Although not actionable in itself, the sale of lighter fluid to a minor may be actionable if coupled with circumstances from which injuries may be reasonably anticipated. (See *Driscoll v. Rasmussen Corp.,* 35 Ill.2d 74, 219 N.E.2d 483; compare *Clark v. Ticehurst,* 176 Kan. 544, 271 P.2d 295, with *Tharp v. Monsees* (Mo.), 327 S.W.2d 889.) The remaining question is whether the allegations of the complaint sufficiently establish that defendant was placed on notice that an improper use of the lighter fluid was contemplated. In this respect plaintiff bears the burden of pleading the facts necessary to his cause of action, and failure to do so cannot be remedied by liberal construction or argument. (*Donehue v. Duvall,* 41 Ill.2d 377, 243 N.E.2d 222.) Plaintiff had ample time in which to file an amended complaint, yet he failed to avail himself of the opportunity. The present complaint alleges that the minor plaintiff obtained the miniature cigarette lighter from a gumball machine on the same premises on which he immediately thereafter purchased lighter fluid,

and that subsequently "the minor plaintiff attempted to fill said lighter with fluid and was caused to set himself on fire." As earlier stated, the miniature toy lighter was nonfunctional, and therefore, was not the source of the spark or flame which ignited the lighter fluid. For the reasons that the complaint against defendant Zussman failed to state a cause of action, a complaint against defendant Rivera for selling lighter fluid to a minor is not augmented by an allegation that miniature toy lighters were also periodically dispensed in a gumball machine located on the premises. The mere presence of miniature toy lighters on the premises, as to the sale of lighter fluid, was not reasonably foreseable as a causative factor in the harm alleged. The judgment of the trial court is affirmed.

Judgment affirmed.

HAYES, P. J., and DOWNING, J., concur.