[No. 8355-4-I. Division One. June 30, 1980.]

LAKE WASHINGTON SCHOOL DISTRICT NO. 414, *Appellant,* v.
SCHUCK'S AUTO SUPPLY, INC., *Respondent.*

*Foulds, Felker, Burns & Johnson, P.S.,* and *George A. Trichak,* for appellant.

*Matthew T. Boyle,* for respondent.

DORE, J.—Plaintiff appeals a summary judgment order dismissing its complaint for damages.

## ISSUES

1. Did the defendant violate the State Fireworks Law, RCW 70.77, when it sold automotive flares to three 13-year-old boys?

2. Did the defendant have a duty to anticipate a misuse of the flares by the boys?

## FACTS

On March 13, 1977, three 13-year-old boys purchased three automotive signaling flares from the defendant store. Each flare bore the warning: "For emergency illuminating and signaling purposes only. DANGER—EXTREMELY FLAMMABLE—KEEP OUT OF REACH OF CHILDREN." The boys then went to the Robert Frost Elementary School grounds and ignited the flares. A fire ensued and the school building suffered extensive physical damage. The boys were not aware that the school building was on fire when they left the school grounds.

On October 14, 1977, Lake Washington School District filed suit, naming the three boys and Schuck's Auto Supply, Inc., as defendants. Plaintiff's complaint against Schuck's contained two causes of action: (1) negligence per se—that defendant sold automotive flares to the boys in violation of the State Fireworks Law, RCW 70.77, and (2) common-law negligence—that defendant sold dangerous instrumentalities to persons incompetent to be trusted with them.

Defendant brought a motion for summary judgment, arguing that the sale of the flares was not within the purview of RCW 70.77, and further, that the defendant had no duty to foresee an intentional misuse of the flares by the juveniles. The trial court granted defendant's motion for summary judgment. This appeal followed.

ISSUE 1: The defendant did not violate the state fireworks law, RCW 70.77, when it sold automotive flares to the three juveniles.

RCW 70.77 prohibits a retailer from selling fireworks unless it first obtains a license and permit. Fireworks are defined in RCW 70.77.125 as:

> [F]irecrackers, torpedoes, . . . Roman candles, . . . or other fireworks . . . containing any combustible or explosive substance for the purpose of producing a visible or audible effect by combustion, explosion, deflagration, or detonation . . .

█ It is undisputed that an automotive flare constitutes a "firework" under the definition contained in RCW 70.77-.125. However, automotive flares are specifically exempt from the prohibitions of RCW 70.77, to wit:

> Nonprohibited acts—Signal purposes, forest protection. This chapter does not prohibit the use of torpedoes, flares, or fusees by motor vehicles, railroads, or other transportation agencies for signal purposes or illumination or for use in forest protection activities.

RCW 70.77.530.

The clear language of this statute indicates that a flare purchased and used for signaling purposes by "other transportation agencies" is exempt from state regulation. We therefore conclude that a person under the legal driving age can legally buy flares to use for bicycles, boats, snowmobiles, etc. Had the legislature intended to prohibit the sale of flares to persons under the legal driving age, it could have done so with specificity. We hold that the sale of flares in the subject case does not come within the purview of RCW 70.77.

ISSUE 2: A genuine issue of material fact exists concerning whether the defendant had a duty to foresee a misuse of the flares in selling them to juveniles.

Plaintiff's complaint contained a common–law negligence cause of action, based upon the sale of a dangerous instrumentality to a child incompetent to be trusted with it. At common law it is clear that if one sells a dangerous instrumentality such as firearms, fireworks, or explosives to a child whom he knows or ought to know to be, by reason of youth and inexperience, unfit to be trusted with it, and the child misuses the instrumentality so as to cause injury to himself or a third party, the seller may be held liable for damages. *Van Skike v. Zussman,* 22 Ill. App. 3d 1039, 318 N.E.2d 244, 247 (1974); 20 A.L.R.2d 119, 124 (1951). Courts of this state have recognized an analogous cause of action with regard to the negligent entrustment of one's automobile to another incompetent to use it. *Jones v. Harris,* 122 Wash. 69, 210 P. 22 (1922).

In all negligence actions, plaintiff must prove the existence of a duty. Foreseeability is an important element in determining whether a defendant owes a plaintiff a given duty. *Rikstad v. Holmberg,* 76 Wn.2d 265, 456 P.2d 355 (1969); *Maltman v. Sauer,* 84 Wn.2d 975, 530 P.2d 254 (1975). The issue of foreseeability is also relevant when determining whether an unforeseeable intervening act breaks the causal connection between defendant's act and plaintiff's injury. *Maltman v. Sauer, supra.* The test of foreseeability under *Rikstad v. Holmberg, supra* and *Maltman v. Sauer, supra,* is whether the actual harm fell within the general field of danger which should have been anticipated. The question is not whether the actual harm was of a particular kind which was expectable.

The question before this court is whether a reasonable retailer, exercising ordinary care, should have anticipated that the three defendant juveniles would misuse the flares and cause injury to themselves or some third party. The

trial court ruled as a matter of law that the defendant had no duty to foresee a misuse of the flares by the juveniles.

An automotive flare contains various solid combustible compounds, including sulphur. When ignited, a flare will emit an intense flame for about 15 minutes spattering residual globules of molten matter. Hence, a misused flare constitutes a dangerous instrumentality which can lead to personal injury and property damage. There is evidence in the present case indicating that the defendant should have anticipated a misuse of the flares by the boys. First, each flare bore the warning:

> For emergency illuminating and signaling purposes only. DANGER—EXTREMELY FLAMMABLE—*KEEP OUT OF REACH OF CHILDREN.*

(Italics ours.) Second, a cashier of the defendant store submitted an affidavit stating that Schuck's maintained an internal policy of not selling flares to minors, to wit:

> I was told by Mr. Bean [assistant manager of Schuck's Totem Lake Store] that Schuck's had a policy of not selling automotive highway flares to minors under the legal driving age. Mr. Bean also told me at this time that the policy was in existence prior to the school fire.

This evidence could support an inference by the jury that the defendant knew, and could foresee, that minors under the legal driving age are not competent to be trusted with automotive flares.

Under CR 56(c), a summary judgment is only available where the moving party demonstrates that there is no genuine dispute as to any material fact. When ruling upon a summary judgment motion, the trial court must consider all evidence and reasonable inferences therefrom in the light most favorable to the nonmoving party. *Morris v. McNicol,* 83 Wn.2d 491, 519 P.2d 7 (1974).

Having reviewed the record herein in the light most favorable to the plaintiff, and all reasonable inferences therefrom, we conclude that plaintiff has raised a genuine issue of material fact as to whether a retailer, exercising ordinary care, should have anticipated that the defendant

juveniles would misuse the flares and cause damage. The issue of foreseeability must be resolved by the trier of the facts.

Reverse and remand.

CALLOW, C.J., concurs.

RINGOLD, J. (concurring)—There are genuine issues of material fact extant here: (1) whether the 13–year–old boys were competent to be entrusted with the flares; (2) whether the flares are inherently dangerous instrumentalities, and (3) whether misuse of the flares was reasonably foreseeable thus imposing a duty owed by the defendant to the plaintiff.

I therefore concur in the result.

CALLOW, C.J., concurs with RINGOLD, J.

Reconsideration denied September 8 and 16, 1980.

Review denied by Supreme Court November 21, 1980.