[No. 34331. Department One. February 5, 1959.]

DANIEL GUERIN, *Appellant*, v. BURYL THOMPSON *et al.*, *Respondents*.[1]

[1]Reported in 335 P. (2d) 36.

*Parr & Baker*, for appellant.

*Hull & Armstrong*, for respondents.

OTT, J.—In the late afternoon of January 16, 1956, Daniel Guerin was driving his 1951 Willys station wagon west toward the city of Olympia on U. S. highway No. 99. The sun was shining, and the road was dry. Guerin passed a truck traveling in the same direction, driven by Dale Gunstone. After passing the truck, Guerin brought his automobile to a stop in the inside passing lane, preparatory to making a left turn into a private roadway on the opposite side of the highway. At the place in question, U. S. highway No. 99 is a paved, four-lane, arterial highway, with two lanes of

travel in each direction. Two parallel barrier lines, more than four inches apart and painted yellow, separate the inside lanes. The shoulders of the highway are graveled and are approximately seven feet wide. Drivers proceeding toward Olympia have an unobstructed view for a distance of more than one-half mile.

At approximately the same time, Marie Thompson was driving her 1955 Chevrolet automobile on U. S. highway No. 99, in the same direction that the Guerin station wagon and the Gunstone truck were traveling. She was traveling at a speed of approximately forty-five miles an hour when she overtook the Gunstone truck, which was traveling at a speed of approximately thirty-five miles an hour in the outside lane of travel. The speed limit for automobiles at that point was fifty miles an hour, and forty miles an hour for trucks.

The Gunstone truck was a 1942 G. M. C. army truck with a shovel attachment. It was approximately eight feet wide and, with the shovel attachment, about twelve feet high.

When Mrs. Thompson was two to three car lengths behind the truck, and approximately seventy-five to one hundred feet from the stopped vehicle of Guerin, she turned to her left into the passing lane. Upon entering the passing lane, she did not immediately perceive that the Guerin automobile was stopped. She was about three car lengths from the vehicle before realizing that it was stopped, and immediately applied the brakes, but was unable to avoid colliding with the station wagon.

Guerin commenced this action against Marie Thompson and her husband for damages. The allegations of his complaint admit that he was stopped on the arterial highway, but allege that the negligence of Mrs. Thompson was the sole proximate cause of the collision and that she had the last clear chance to avoid it.

Marie Thompson (who will be referred to as though she were the sole defendant) denied the allegations of the complaint and affirmatively pleaded that Guerin was guilty of contributory negligence. The case was tried to the court.

At the trial, the defendant contended that the plaintiff was guilty of contributory negligence, as a matter of law, in that he had violated two statutes: RCW 46.48.290, which prohibits stopping on the traveled portion of a highway, except under certain conditions not here applicable, and RCW 46.60.020, which prohibits left turns off a divided highway across the barrier lines.

The court found that the negligence of the plaintiff in operating his automobile in violation of the two statutes was a proximate cause of the accident, and held that the doctrine of last clear chance did not apply.

From a judgment in favor of the defendant, the plaintiff has appealed.

Appellant concedes that he operated his automobile in violation of the statute by stopping in the passing lane of an arterial highway, and that such violation constituted negligence *per se*. Appellant contends, however, that his unlawful stop was not a proximate cause of the accident, but a mere condition or circumstance, and asserts that the court applied an incorrect test of proximate cause.

The trial court stated in its oral decision:

". . . The accident was that type of thing the statute was designed to prevent and the hazard, created by stopping on the highway, was the type of hazard the statute was designed to prevent and, therefore, the negligence of the plaintiff in stopping to make an illegal left turn, a left turn which is prohibited by law, was such an act of negligence as must bar his recovery.

"The proximate cause of the accident, it is true that the act of contributory negligence must be one of the proximate causes of the accident. In this case, the presence of the plaintiff upon the roadway was one of the proximate causes of the accident. *The proximate cause rule is sometimes stated as the but for rule.* But for the presence of the plaintiff upon the roadway the accident could not have happened and, therefore, it cannot be said that the violation of the plaintiff was not a proximate cause." (Italics ours.)

■ The trial court's oral or memorandum decision, if included in the record, may be considered by this court.

*Bowman v. Webster*, 42 Wn. (2d) 129, 253 P. (2d) 934 (1953), and cases cited.

 If the "but for" test was the only criterion used by the court in determining that the appellant's violation was a proximate cause of the accident, the test was contrary to our holding in *Eckerson v. Ford's Prairie School Dist. No. 11*, 3 Wn. (2d) 475, 482, 101 P. (2d) 345 (1940), wherein we said:

"There is, of course, a distinction between an actual cause, or cause in fact, and a proximate, or legal, cause.

"An actual cause, or cause in fact, exists when the act of the defendant is a necessary antecedent of the consequences for which recovery is sought, that is, when the injury would not have resulted 'but for' the act in question. But a cause in fact, although it is a *sine qua non* of legal liability, does not of itself support an action for negligence. Considerations of justice and public policy require that a certain degree of proximity exist between the act done or omitted and the harm sustained, before legal liability may be predicated upon the 'cause' in question. It is only when this necessary degree of proximity is present that the cause in fact becomes a legal, or proximate, cause.

"The most usual definition of proximate cause of an event is: that cause which, in a natural and continuous sequence, unbroken by any new, independent cause, produces the event, and without which that event would not have occurred. [Citing case and authorities.]"

 From the record, we are unable to determine that the trial court relied solely upon the "but for" test. In any event, we will not reverse a trial court, if the judgment can be sustained upon any ground within the pleadings and established by the proof. *Exner v. Chehalis Fluoridation League*, 51 Wn. (2d) 445, 319 P. (2d) 543 (1957).

Was the appellant guilty of contributory negligence which barred recovery of his damages, as a matter of law?

 The court can determine negligence, as a matter of law, when (1) the standard of care fixed is the same under all circumstances, and its measure is defined by law, and (2) where the facts are undisputed and there is but one reasonable inference therefrom. *Coleman v. Wisbey*, 37 Wn. (2d) 737, 225 P. (2d) 1067 (1951), and cases cited.

■ Applying these rules to the instant case, the legislature has defined the standard of care which one must exercise in operating a motor vehicle upon divided four-lane arterial highways by RCW 46.48.290 and 46.60.020, and other statutory provisions not here applicable. See *Green v. Floe*, 28 Wn. (2d) 620, 183 P. (2d) 771 (1947); *Swanson v. Gilpin*, 25 Wn. (2d) 147, 169 P. (2d) 356 (1946).

■ There was no dispute as to the essential facts surrounding the accident or the admitted violation of the statutes. The hazard created by appellant was the one the statutes were designed to avoid, and his violation of this statutory standard of care was an essential element of the accident. There was nothing remote or unforeseeable about the result. See *Bracy v. Lund*, 197 Wash. 188, 84 P. (2d) 670 (1938).

■ ■ Further, reasonable minds could not differ upon the conclusion that the violation of the statutory standard of care by the appellant was a proximate and legal cause of the accident. See *Shelton v. Bennett*, 32 Wn. (2d) 529, 202 P. (2d) 461 (1949); *Ruff v. Fruit Delivery Co.*, 22 Wn. (2d) 708, 157 P. (2d) 730 (1945); *Emanuel v. Wise*, 11 Wn. (2d) 198, 118 P. (2d) 969 (1941). There can be no inference from the facts, viewed most favorably to appellant, that would support a finding that appellant was not guilty of contributory negligence.

■ The doctrine of last clear chance is not before us on this appeal for the reason that the court's ruling that the doctrine was inapplicable was not assigned as error.

The judgment is affirmed.

WEAVER, C. J., MALLERY, and HILL, JJ., concur.

FINLEY, J., concurs in the result.

April 21, 1959. Petition for rehearing denied.