[No. 38730.    Department One.    September 14, 1967.]

ROBERTSON ROSS et al., *Appellants*, v. W. R. ALTVATER et al., *Defendants*, RONALD C. KNUTZEN et al., *Respondents*.*

*Wright, Simon, Todd & Schmechel,* for appellants.

*Bayley, Fite, Madden & Poliak* and *William J. Madden,* for respondents.

WEAVER, J.—Plaintiff appeals from a judgment of dismissal entered after the trial court had sustained defendants' motion for summary judgment.

This action was brought as the result of an accident involving defendants' tractor, with two trailers attached, and an automobile in which plaintiff was riding.

The accident occurred about 18 miles east of North Bend on a 4-lane highway, two lanes eastbound and two lanes westbound. The eastbound lanes are separated from the westbound by an asphalt center strip approximately 30

*Reported in 431 P.2d 701.

inches in width. The highway has a yellow line on each side of the asphalt and has improved shoulders.

One of the defendants, accompanied by a helper, was driving a 1960 Kenworth tractor with two trailers over Snoqualmie Pass on Interstate Highway 90 at approximately 2:30 in the afternoon. While proceeding in the *outside westbound lane* at 15 miles per hour, the truck and trailers struck ice on the highway. Defendant lost control. The truck and trailers crossed both westbound lanes, the center strip, and the two eastbound lanes of traffic. The tractor and first trailer came to rest against a snowbank off the highway. *They were facing east,* having completed a "U" turn. The record does not fix the final position of the second trailer with complete accuracy. Its afterend either blocked 2 or 3 feet of the outside eastbound lane of traffic, or it blocked the outside eastbound lane and 2 or 3 feet of the inside eastbound lane. It is undisputed, however, that there was sufficient room for eastbound traffic to pass on the inside eastbound lane; the trailer in nowise blocked *westbound* traffic.

Shortly after the accident a Washington state trooper arrived at the scene. He parked his automobile approximately 100 feet behind the tractor and trailers in the outside eastbound traffic lane. The red, rotating light on top of the patrol car was flashing.

Subsequently, an automobile driven by Mrs. Robert Wenke, westbound from the summit of Snoqualmie Pass, approached the scene of the accident. She testified that she saw the truck when she "was 800 feet away from it." The Wenke vehicle fell victim to the same icy road conditions as did the tractor and trailers of the defendants. The testimony indicates that Mrs. Wenke lost control of her car several hundred feet east of the disabled truck.

The results were similar. Mrs. Wenke's automobile skidded across the inside westbound lane, the center strip, the inside eastbound lane and struck the left rear corner of the second trailer. Plaintiff, a passenger in the Wenke automobile, was injured.

Plaintiff urges that the summary judgment for defendants is inappropriate because (a) defendants failed to comply with RCW 46.37.450(4), and (b) because there is a factual dispute as to the interval of time available to defendants in which they should have complied with the statute.

We find no merit in either contention. RCW 46.37.450 (4) provides:

> Whenever any vehicle of a type referred to in this section is disabled upon the traveled portion of a highway or the shoulder thereof outside of any municipality at any time when the display of fusees, flares, red electric lanterns or portable red emergency reflectors is not required, *the driver of the vehicle shall display two red flags upon the roadway in the lane of traffic occupied by the disabled vehicle*, one at a distance of approximately one hundred feet in advance of the vehicle, and one at a distance of approximately one hundred feet to the rear of the vehicle. (Italics ours.)

■ ■ The purpose of the statute is clear; it requires warning devices "in the lane of traffic occupied by the disabled vehicle." Mrs. Wenke's car, in which plaintiff was riding, was in the outside lane of westbound traffic; the disabled tractor and trailers were entirely in the eastbound traffic lanes. In the factual pattern of this case, the statute is for the protection of traffic proceeding in the eastbound lanes. Only persons in the class for whose protection the statute was enacted can claim its benefits. Plaintiff does not meet this test.

■ Further, even assuming the statute was violated, the presence of the tractor and trailers in the eastbound traffic lanes was a condition rather than a legal cause of plaintiff's injury. In *Stoneman v. Wick Constr. Co.*, 55 Wn.2d 639, 643, 349 P.2d 215 (1960), this court said:

> If an event would have happened regardless of defendant's negligence, that negligence is not a proximate cause of the event. (Citing authorities.)

The only reason Mrs. Wenke's automobile ran into defendants' truck was that her car had escaped from her

control by reason of the ice; she could not keep it from its target.

In view of our conclusion, it is not necessary for us to consider plaintiff's second contention.

The judgment is affirmed.

FINLEY, C. J., ROSELLINI and HALE, JJ., and DENNEY, J. Pro Tem., concur.

November 15, 1967. Petition for rehearing denied.