[No. 39439.   Department One.   August 15, 1968.]

GARY D. FERRIN, *Appellant,* v. RALPH C. DONNELLEFELD *et al., Respondents.**

*Griffin, Boyle & Enslow, Robert G. Griffin* and *Carson F. Eller,* for appellant.

*Skeel, McKelvy, Henke, Evenson & Uhlmann* and *R. L. Gemson,* for respondent Aust.

McGOVERN, J.—Plaintiff Gary D. Ferrin appeals from an order granting the motion of defendant Orville H. Aust for summary judgment.

The record reveals certain undisputed facts. Defendant Ralph C. Donnellefeld was proceeding south on a wet 4-lane freeway near Renton. His automobile spun out of control. When it stopped spinning, the vehicle was resting on the inside southbound lane facing north.

Defendant Aust, in the following car, came to a stop immediately north of and facing the Donnellefeld vehicle.

*Reported in 444 P.2d 701.

Defendant Woody was next. He also came to a stop, parking his automobile north of the Aust vehicle but on the asphalt strip between the inside southbound lane and the center guardrail. His vehicle was almost entirely out of the lanes of traffic.

Then came the plaintiff. While driving south on the inside lane he came upon the three automobiles mentioned. The presence of a moving truck in the adjoining lane to his right prevented him from driving into that lane. His vehicle sideswiped the parked Woody automobile and then struck the rear of the Aust vehicle, which in turn hit the Donnellefeld car.

Plaintiff brought this action against the named defendants alleging personal injury and property damage due to their claimed negligence. Defendants denied most of plaintiff's allegations, entered counterclaims,[1] and on the basis of supporting affidavits and depositions each moved for a summary judgment under CR 56. The motions for summary judgment by defendants Woody and Aust were granted. The Donnellefeld motion was denied. Plaintiff appeals as to Aust.

■ The question presented is whether the pleadings, depositions, admissions and affidavits considered by the trial court created a genuine issue of material fact as between plaintiff and defendant Aust. If they did not, the latter was entitled to a judgment as a matter of law. *Brannon v. Harmon*, 56 Wn.2d 826, 355 P.2d 792 (1960).

■ The liability of Aust, if any, would rest on his negligence being a proximate cause of the accident. And from the record we are unable to say that his negligence, if there was any, constituted such a cause.

The posted speed limit at the place of occurrence was 60 miles per hour. Plaintiff did not remember his rate of speed but others described it variously as being 70, 75 and maybe 80 miles per hour. His rate and course of travel was such

---

[1] Defendant Aust agreed to have his counterclaim against plaintiff dismissed with prejudice upon granting of his motion for summary judgment, and the trial court so ordered.

that he struck the parked Woody vehicle on its side and then crashed into the rear of the Aust automobile, pushing it into the Donnellefeld car. Plaintiff does not deny those facts nor does he contradict the statement that his vehicle was then out of control.

It is thus apparent that plaintiff's automobile would have struck the Donnellefeld car even if the Aust vehicle had not been there. Under the facts presented, reasonable minds could not conclude otherwise. If the presence of the Aust vehicle stopped on the freeway constituted negligence, its presence was merely a condition of the accident, not a proximate or legal cause of it. *Ross v. Altvater,* 72 Wn.2d 63, 431 P.2d 701 (1967); *Stoneman v. Wick Constr. Co.,* 55 Wn.2d 639, 349 P.2d 215 (1960). And without proximate cause, legal responsibility will not attach.

■ Plaintiff further contends that his damages were greater than they would have been had the Aust vehicle not been involved. That is, even though he would have struck the Donnellefeld car had Aust not been there, as it was he struck the two of them together and striking two at once is worse than striking one. He thus argues that defendant Aust was a cause of damage aggravation and that such a fact constitutes a genuine and material issue. We do not agree. Since Aust was not a proximate cause of the accident, there can be no material issue with him on consequential damages. Nor was the argument raised in the pleadings, depositions or affidavits submitted to the trial court on the motion for summary judgment. Under the terms of CR 56(c) it was not before the trial court and may not be considered here. *American Universal Ins. Co. v. Ranson,* 59 Wn.2d 811, 370 P.2d 867 (1962).

The order of the trial court granting defendant Aust his motion for summary judgment is affirmed.

FINLEY, C. J., WEAVER and ROSELLINI, JJ., and LANGEN-BACH, J. Pro Tem., concur.