[No. 276-40831-1.     Division One—Panel 1.     July 27, 1970.]

DONALD DUANE NANCE et al., *Appellants,* v. METROPOLITAN TRANSIT CORPORATION et al., *Respondents.*

DONALD E. NANCE et al., *Appellants,* v. METROPOLITAN TRANSIT CORPORATION et al., *Respondents.*

Swanson, J., dissents.

*Clinton, Moats, Andersen & Fleck* and *James A. Andersen,* for appellants.

*Arthur T. Bateman,* for respondents.

Farris, J.—Donald Duane Nance, his wife Betty, their son and daughter-in-law were all injured in a three vehicle collision on the Snoqualmie Pass Highway.

The Nances were driving a light pickup truck equipped with a camper bed. They were climbing the pass, traveling east, and just a few miles from the Snoqualmie Summit when the accident occurred.

Coming downhill from the Snoqualmie Summit toward the Nance pickup were three vehicles. The first was a convertible being driven in a very erratic manner by Lonald Malstrom. He had consumed half a case of malt liquor and was experiencing difficulty in driving. The second vehicle was a bus driven by defendant Lawrence Reeser. Following these two vehicles was another bus driven by defendant Robert Boswell. The bus driven by Reeser had passed the Boswell bus a period of time prior to impact.

The accident occurred when the convertible veered across the centerline and one eastbound lane and struck the Nance pickup on the left rear corner sending it spinning

out of control across the centerline where it collided with the Reeser bus and literally exploded.

The Nances brought this action against the drivers of the two buses and their employers. They allege that Reeser operated his bus in a negligent manner resulting in a failure to avoid the collision. It is alleged that Reeser was traveling too fast and following too closely for the conditions then existing and that he failed to heed warnings given by Boswell. The alleged negligence of Boswell is that he failed to timely or adequately warn Reeser of the danger lurking ahead, namely, the convertible being driven in an erratic manner.

All defendants moved for a summary judgment which was granted by the trial court. The plaintiffs have appealed to this court.

■ The object and function of the summary judgment procedure is to avoid a useless trial. The trial court must determine from the affidavits, depositions and admissions whether a genuine issue of material fact exists. *Balise v. Underwood,* 62 Wn.2d 195, 381 P.2d 966 (1963). Summary judgment can only be granted where the court can say that the moving party is entitled to judgment as a matter of law. *Capitol Hill Methodist Church v. Seattle,* 52 Wn.2d 359, 324 P.2d 1113 (1958).

■ In determining whether the motion for summary judgment should have been granted, we consider the elements of actionable negligence. When, as here, the facts of the accident are unusual, the danger of linking foreseeability with proximate cause increases. To do so leads to false premises and confusing conclusions. See *Rikstad v. Holmberg,* 76 Wn.2d 265, 268, 456 P.2d 355 (1969).

> Foreseeability is, rather, one of the elements of negligence; it is more appropriately attached to the issues whether defendant owed plaintiff a duty, and, if so, whether the duty imposed by the risk embraces that conduct which resulted in injury to plaintiff. The hazard that brought about or assisted in bringing about the result must be among the hazards to be perceived reasona-

bly and with respect to which defendant's conduct was negligent. . . .

. . .

It is not, however, the unusualness of the act that resulted in injury to plaintiff that is the test of foreseeability, but whether the result of the act is within the ambit of the hazards covered by the duty imposed upon defendant.

■ Upon this background, the court must consider whether there is a genuine issue of material fact as to the question of liability. In order to establish liability, a plaintiff must show that:

(1) there is a statutory or common-law rule that imposes a *duty* upon defendant to refrain from the complained-of conduct and that is designed to protect the plaintiff against harm of the general type; (2) the defendant's conduct violated the duty; and (3) there was a sufficiently close, actual, causal connection between defendant's conduct and the actual damage suffered by plaintiff.

*Rikstad v. Holmberg, supra* at 268. The question then is did the alleged negligence—a breach of either statutory or common-law duty—create an unreasonable risk of harm to persons in the plaintiffs' situation. *See Wells v. Vancouver,* 77 Wn.2d 800, 467 P.2d 292 (1970).

The evidence, construed most strongly in favor of the plaintiff, indicates that Boswell observed the Malstrom convertible and slowed down. He saw the convertible spin out of control into a snowbank and continue down the highway weaving back and forth. As Reeser's bus approached from the rear, Boswell, believing that Reeser was entering an area of danger, attempted to warn him not to pass. Although he observed the erratic manner in which the Malstrom convertible was being driven, Reeser completed the pass and pulled in behind the convertible. Reeser's 19,000 pound bus, fully loaded with 42 skiers and their equipment, was following within 200 feet at a speed of 45 miles per hour. Expert testimony indicated that the Reeser bus would have needed 275 feet stopping distance under the circumstances. At the time of the collision between the bus and

the camper, the bus was traveling at the rate of 35 miles per hour.

■■ If these allegations are believed, it cannot be said as a matter of law that Reeser's conduct created no foreseeable risk to cars traveling in the opposite direction. The requirement is that harm of the *general* (not the specific) type that occurred be foreseeable. *McLeod v. Grant County School Dist. 128,* 42 Wn.2d 316, 255 P.2d 360 (1953). The risk would define the defendant's duty. Whether Reeser had a duty to the plaintiffs which was breached, resulting in the injury complained of, cannot be answered as a matter of law from the record before us. The question, on a motion for summary judgment, is not how the trier of facts would resolve the issue but whether reasonable men would differ on its resolution.

> Generally, the duty to use ordinary care is bounded by the foreseeable range of danger. It is for the jury to decide whether a general field of danger should have been anticipated.

*Wells v. Vancouver, supra* at 803.

We recognize that even if it is found that Reeser owed a duty to the plaintiffs and failed to discharge that duty, there is still the question of whether such negligence was a sufficient cause of the injury. We believe that reasonable men would differ on whether Reeser was negligent and whether that negligence, if any, was a substantial factor in bringing about the injury. *See Moyer v. Clark,* 75 Wn.2d 800, 454 P.2d 374 (1969).

■ In addition to the common law basis for negligence, the plaintiff argues that the conduct of defendant Reeser was negligence per se in that he violated RCW 46.61.400 (reasonable speed) and RCW 46.61.145(1) (following too closely).

> The scope of the duty imposed by statutory rule is a matter of law. The duty extends only to persons in the class intended to be protected by the statute or ordinance, and only to those persons who suffer harm from a

hazard which was intended to be prevented by compliance with the statute or ordinance.

*Wells v. Vancouver, supra* at 804.

Whether the plaintiffs meet this requirement is a question of law for the trial court.

As to defendant Boswell, the record supports the trial court's conclusion that there is no fact or inference from any facts to support an allegation of negligence. Further, even if there was a question as to whether Boswell had a duty to warn the overtaking bus of the peril ahead, the failure to do so could not be a cause of the injuries to the plaintiffs since it is not disputed that the overtaking bus observed the manner in which the convertible was being driven and was fully aware of the situation for a significant period of time before any impact occurred.

The decision of the trial court is affirmed with respect to Boswell and his employer Gray Line and reversed with respect to Reeser and Metropolitan Transit.

JAMES, C. J., concurs.

SWANSON, J. (dissenting)—The majority, I believe, incorrectly finds that a material issue of fact remains both as to the existence of a duty owed by defendant Reeser to the plaintiffs and as to whether or not Reeser's conduct amounts to a breach of that duty which proximately caused plaintiffs' injuries. To reach this result, the majority properly interpreted the facts presented by the affidavits, depositions and admissions most favorably to the plaintiffs' position. We are then presented with a situation wherein a trier of fact could determine that Reeser was traveling too fast for the conditions then prevailing, in violation of RCW 46.61.400(1),[1] and was following the Malstrom convertible

---

[1]"No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care."

too closely, in violation of RCW 46.61.145 (1).[2] The majority then concludes that this evidence would entitle the trier of fact to determine violation of a common law or statutory duty owed by Reeser to the plaintiffs.

In *Wells v. Vancouver*, 77 Wn.2d 800, 803, 467 P.2d 292 (1970), our Supreme Court stated:

> Generally, the duty to use ordinary care is bounded by the foreseeable range of danger. It is for the jury to decide whether a general field of danger should have been anticipated.

Foreseeability, then, establishes the proper boundaries of defendant Reeser's duty, although the unforeseen manner or extent of harm does not necessarily preclude liability. Restatement (Second) of Torts § 435(1) (1965). Even if foreseeability may be a jury question in the usual case, if reasonable minds cannot differ as to the extension or limit of the duty as determined by foreseeability, it becomes a question of law for the court. *Guerin v. Thompson*, 53 Wn.2d 515, 335 P.2d 36 (1959); *cf.* Restatement (Second) of Torts § 435(2), comment c at 452 (1965):

> Analytically, the highly extraordinary nature of the result which has followed from the actor's conduct (with or without the aid of an intervening force) indicates that the hazard which brought about or assisted in bringing about that result was not among the hazards with respect to which the conduct was negligent. . . . *Strictly, the problem before the court is one of determining whether the duty imposed on the actor was designed to protect the one harmed from the risk of harm from the hazard in question.*

(Italics ours.) Risk is the chance of harm; hazard is a thing or condition which might operate against the plaintiff's protected interest. Thus, the question reformulated is, whether the duty imposed on Reeser was designed to protect the plaintiffs from the chance of harm from the thing or condition which might operate against their protected interests.

---

[2] "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway."

Much the same question was poised in Justice Finley's concurring opinion in *Wells*, 77 Wn.2d at 809:

> The better analysis is embodied in the question: Did the alleged negligence—a breach of either statutory or common law duty—create an unreasonable risk of harm to persons in the plaintiff's situation, *i.e.*, those persons standing in the area into which windblown debris could in fact be expected to fall?

Applying that question to the instant case, can we say that Reeser's alleged negligence in driving too fast and following too closely created an unreasonable risk of harm to persons in the plaintiffs' position, *i.e.*, those persons proceeding in the opposite direction in the eastbound lane of a 4-lane divided highway, from someone such as Malstrom traveling westbound on the same highway? I think not. The evidence viewed most favorably to the plaintiffs does not create a material question of fact as to whether or not the action of Malstrom in crossing the center median and striking the plaintiffs' eastbound vehicle, causing it to spin out of control, cross the median of the divided highway, and collide with defendants' westbound bus, is foreseeable in terms of determining Reeser's duty to the plaintiffs.

The only unreasonable risks to the plaintiffs that Reeser's conduct created were that his excessive speed would cause him to lose control of his vehicle and cross the center median and strike eastbound vehicles, or to strike other vehicles causing them to go out of control. The unreasonable risk of following too closely is that he would strike the car ahead and cause it to go out of control creating a risk of harm to the plaintiffs. There is no contention here that Reeser's acts in any way influenced or affected Malstrom's driving or conduct. If we accept as a premise that Reeser's allegedly negligent acts did not influence or cause Malstrom to do what he did—cross the median and strike the plaintiffs—how can it reasonably be contended that Reeser's acts created any risk of the kind of harm that occurred?

Secondly, the question of proximate (legal) cause is normally a factual question for the jury. However, reasonable

minds could not differ in this situation in concluding that the proximate cause of harm to the plaintiffs was the action of Malstrom in driving while intoxicated, in violation of RCW 46.56.010 (now RCW 46.61.506), and crossing over the median separating the eastbound lanes from the westbound lanes of traffic in a 4-lane divided highway, in violation of RCW 46.60.020 (now RCW 46.61.150), and striking the plaintiff who was properly proceeding in the eastbound lane. The action of the defendant Reeser, in proceeding too fast under the circumstances then existing and in following the preceding car (Malstrom's car) too closely while in the westbound lane, had nothing whatever to do with legally causing plaintiff's injuries. Reeser's acts may have been a cause in fact, just as someone illegally or improperly parked on the side of the road adjacent to the westbound lane or a tree growing adjacent to the westbound lane would have provided an object for plaintiffs' vehicle to strike when knocked out of control by Malstrom's negligent act, and so be a cause in fact, but not a legal cause, or proximate cause, as that term is defined. See Restatement (Second) or Torts § 431 (1965).

It is also clear that Reeser's presence on the westbound roadway at the precise point to provide an object for plaintiffs' vehicle to strike was purely fortuitous and was the result of the speed that Reeser's bus maintained. But it is only speculation to say that if Reeser had driven within a range of speed that the trier of fact might say was reasonable under the circumstances, he would have avoided the accident, for, if Reeser had exceeded the speed limit or the speed at which he was proceeding, he would have placed the bus beyond the area where the accident occurred.[3] Whether Reeser followed the Malstrom car too closely has likewise nothing to do with providing a legal cause for the accident, for, if he had followed the Malstrom car even

---

[3]Likewise, if Reeser had not followed as closely or driven as fast so that there could be no contention that he violated any law or was in any way negligent, the collision might have occurred in exactly the same way as it did. Under such circumstances, would the majority then contend that a question of fact was created as to Reeser's negligence for submission to a jury?

closer, or not as close, he would have placed himself out of the accident scene. Reasonable minds, therefore, could not differ in concluding that Reeser's conduct in driving too fast and in following a preceding car too closely neither proximately caused nor culpably contributed to plaintiffs' injuries.

I would affirm the trial court in dismissing the complaint as to all defendants.

Petition for rehearing denied October 7, 1970.

Appealed to Supreme Court October 13, 1970.

