[No. 41740.   En Banc.   May 6, 1971.]

DONALD DUANE NANCE et al., Respondents, v. METROPOLITAN TRANSIT CORPORATION et al., Appellants.

DONALD E. NANCE et al., Respondents, v. METROPOLITAN TRANSIT CORPORATION et al., Appellants.

*Arthur T. Bateman* and *John C. Stephenson,* for appellants.

*Clinton, Moats, Andersen & Fleck,* by *James A. Andersen,* for respondents.

HUNTER, J.—The plaintiffs appealed from a summary judgment entered against them by the trial court in a personal injury action. The Court of Appeals, by less than a unanimous decision, affirmed the trial court with respect to the defendant Boswell and his employer, Gray Line Tours, Inc., but reversed the judgment as to the defendant Reeser and his employer, Metropolitan Transit Corporation. The defendant Reeser and his employer now prosecute this appeal under Rule II-2, Supreme Court Rules on Appeal. The plaintiffs have not requested a review of the appellate court order which affirmed the dismissal of their action against the defendant Boswell and his employer.

The appellate court opinion, 3 Wn. App. 99, 473 P.2d 207 (1970), states the facts of the case and they are recited from that opinion, at page 100:

The Nances were driving a light pickup truck equipped with a camper bed. They were climbing the pass, traveling east, and just a few miles from the Snoqualmie Summit when the accident occurred.

Coming downhill from the Snoqualmie Summit toward the Nance pickup were three vehicles. The first was a convertible being driven in a very erratic manner by Lonald Malstrom. He had consumed half a case of malt liquor and was experiencing difficulty in driving. The second vehicle was a bus driven by defendant Lawrence Reeser. Following these two vehicles was another bus driven by defendant Robert Boswell. The bus driven by Reeser had passed the Boswell bus a period of time prior to impact.

The accident occurred when the convertible veered across the centerline and one eastbound lane and struck the Nance pickup on the left rear corner sending it spin-

ning out of control across the centerline where it collided with the Reeser bus and literally exploded.

The Nances brought this action against the drivers of the two buses and their employers. They allege that Reeser operated his bus in a negligent manner resulting in a failure to avoid the collision. It is alleged that Reeser was traveling too fast and following too closely for the conditions then existing and that he failed to heed warnings given by Boswell.

The question presented to us is whether the pleadings, affidavits, depositions and answers to interrogatories which were considered by the trial court created a genuine issue of material fact between the plaintiffs and the defendants. If they did, then the trial court must be reversed and the appellate court affirmed. *Ferrin v. Donnellefeld,* 74 Wn.2d 283, 444 P.2d 701 (1968). In order for a trial court to grant a summary judgment under CR 56(c), it must be shown first that there is no genuine issue as to any material fact and second, that the moving party is entitled to a judgment as a matter of law.

■  We believe the summary judgment entered by the trial court withstands the above test. The undisputed evidence in this case shows the defendant Reeser, in the operation of the Metropolitan Transit bus immediately prior to the accident, was on his own side of the road and that he in no way affected the operation of the Malstrom car ahead. We believe it was purely a fortuitous event that the Metropolitan Transit bus operated by Reeser was at a position on the highway to be struck by the Nance car coming from the opposite direction and crossing the double center line into Reeser's lane of travel. There was no basis upon which the driver, Reeser, could anticipate or reasonably foresee the collision that resulted in this case.   Under these circumstances his negligent driving of the bus, if any, was not a concurrent contributing cause of the accident.

The order entered by the Court of Appeals is reversed and the judgment of the trial court is reinstated.

ROSELLINI, HALE, STAFFORD, and WRIGHT, JJ., concur.

McGovern, J. (dissenting)—I believe that the evidence before the court created a genuine issue of material fact for the jury's consideration and that judgment as a matter of law should not have been entered against the plaintiff.

Considering, as we must, all pertinent and material evidence in the light most favorable to the nonmoving party, *i.e.*, the plaintiff, it appears that the defendant Reeser's 19,000 pound bus was traveling at a speed of 45 miles per hour immediately before the accident and was only 200 feet behind the Malstrom automobile. This is so notwithstanding the fact that Boswell, an experienced bus driver, had signaled to Reeser, an inexperienced bus driver, that the latter was entering an area of danger when Reeser started to pass the Boswell bus. This is also true in spite of the fact that Reeser had personally observed the erratic manner in which Malstrom was driving his automobile on the wet highway.

Accepting the above evidence as true for purposes of ruling on defendants' motion for a summary judgment, more than one significant question of fact was created. The material questions brought into being concern defendant Reeser's statutory duties to remain a safe distance behind the automobile ahead of him and to travel at a rate of speed which was reasonable under the circumstances. It is then appropriately asked if those duties relate to persons in the position of plaintiffs and, if so, did Reeser violate those duties and thus cause the injuries complained of. Reasonable minds might well differ on a resolution of those questions.

We believe that a jury might find that defendant Reeser violated the terms of RCW 46.61.145 (1). It provides that:

> The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

That rule of law was enacted not only for the benefit of the vehicle ahead, but was enacted for the benefit of all persons or vehicles which might reasonably be said to have

been purposefully included within its protective terms. The risk which is created by an automobile following too closely behind the automobile ahead of it may well create a duty upon that following driver to persons legitimately traveling along the same roadway in the opposite direction.

Reeser's conduct here might reasonably be said to have created a foreseeable risk of harm to the plaintiffs. *Wells v. Vancouver*, 77 Wn.2d 800, 467 P.2d 292 (1970). It could effectively be argued that Malstrom's driving was quite likely to precipitate a condition of danger and that Reeser's nearness to the precipitating cause might contribute to the resulting harm. Reeser should have realized that fact just as the experienced driver, Boswell, did. Boswell foresaw trouble and therefore dropped farther back from the Malstrom vehicle to a much safer distance. This Reeser did not do. And whether or not Reeser should have anticipated this field of danger was a question for the jury to decide. *Wells v. Vancouver, supra.*

For the plaintiffs to prevail upon the motion for summary judgment, it is not enough, however, to say that a jury might well find a duty upon defendant Reeser's part to refrain from the complained-of conduct and that Reeser's conduct violated that duty which was designed to protect the plaintiffs against harm of the general nature here involved. Assuming that those findings were favorable to the plaintiffs, it would still not be enough. To establish liability, plaintiffs must also show that there was a sufficiently close, actual, causal connection between defendant Reeser's conduct and the actual damage suffered by plaintiffs, *i.e.*, proximate cause. *Rikstad v. Holmberg*, 76 Wn.2d 265, 456 P.2d 355 (1969).

In this case the direct cause of the accident, and plaintiffs' resulting injuries, was the negligence of Malstrom in driving while under the influence of intoxicating liquor, crossing over into the eastbound lanes while westbound, and striking plaintiffs' camper which was properly proceeding within the eastbound lane. Notwithstanding that fact, however, the proximity of the Reeser bus to the precipitat-

ing cause of the accident, the Malstrom vehicle, under the conditions and circumstances then and there existing, might be said to be a substantial concurrent or contributing legal cause of the accident. It might further be said that Reeser's awareness of Malstrom's erratic driving should have been a signal to him to maintain such observation of conditions ahead that he could safely be able to make an emergency stop. Yet the evidence shows that although Reeser was within 200 feet of the Malstrom vehicle, he needed 275 feet stopping distance under the circumstances.

> Where two or more causes combine to produce such a single result, incapable of division on any logical or reasonable basis, and each is a substantial factor in bringing about the harm, the courts have refused to make an arbitrary apportionment . . . and each of the causes is charged with responsibility for the entire harm.

*Moyer v. Clark*, 75 Wn.2d 800, 805, 454 P.2d 374 (1969).

The question of causation in fact was a jury question and should not have been decided by the trial court as a matter of law.

The majority decision of the appellate court should be affirmed.

HAMILTON, C.J., FINLEY and NEILL, JJ., concur with Mc-GOVERN, J.