[No. 647-2. Division Two. November 3, 1972.]

HELEN J. FOSTER, *as Guardian, Respondent,* v. RUNE BYLUND *et al., Appellants.*

*Lester T. Parker,* for appellants.

*Paul Stritmatter* (of *Stritmatter & Stritmatter*), for respondent.

ARMSTRONG, J.—Defendants Rune Bylund and C. H. Cyr,

Inc. appeal from a judgment in favor of the plaintiff, LeRoy Foster.

Defendants seek to reverse a judgment entered on a jury verdict in the sum of $60,000 for injuries to the minor plaintiff. The injuries occurred as a result of a collision between the defendants' truck and the plaintiff's bicycle at the corner of 5th and N Streets in Hoquiam, Washington. Defendants will be referred to in the singular. The trial court decided the issue of liability in favor of plaintiff and left only the issue of damages to the jury. We agree with the action of the trial court on the issues we consider.

This appeal raises three issues: (1) Was the defendant negligent as a matter of law? (2) Was the plaintiff free from contributory negligence as a matter of law? (3) Was proximate cause a question of law rather than a question of fact for the jury?

The plaintiff, LeRoy Foster, was riding his bicycle easterly on 5th Street. The defendant, Rune Bylund, was driving his truck north on N Street and was attempting a left turn onto 5th Street at the time of the accident. The plaintiff had placed wooden moldings crosswise on his bicycle so that they hung over 3 feet from the center on each side. He was executing a right turn at the intersection of 5th and N Streets and was about 2 feet from the curb when the accident occurred. The plaintiff testified that the defendant was in his proper lane when he, the plaintiff, began to make his right turn and defendant "cut the corner" so sharply that he could not get out of the way. Defendant's truck is 30 feet 10 inches long and 7 feet 10 inches wide. Bylund testified that he is an experienced truck driver, he had "cut the corner" by crossing over the center lines about 2 feet, he had seen the plaintiff rapidly approaching the intersection and the plaintiff was never more than 1 or 2 feet away from the curb while turning right. The defendant stated that the plaintiff did not stop at the stop sign; the plaintiff stated that he did stop.

Two witnesses, Virgil Thompson and E. E. Pettit, who were traveling in a pickup truck south on N Street, testi-

fied that the plaintiff was riding slowly toward the intersection. Both testified that the defendant approached the intersection at a pretty good rate of speed but neither witness saw if the plaintiff stopped at the stop sign. Thompson, the driver of the pickup, testified that the defendant apparently attempted to beat his pickup to the intersection and defendant's truck did not decelerate to any extent as it began the turn. Thompson said he had to slow down so that his pickup would not collide with the truck.

Before trial the court granted a partial summary judgment. The court found that the defendant violated RCW 46.61.290(2), the left turn statute, and was, therefore, negligent as a matter of law. At that time the court found questions of fact on the issues of contributory negligence and proximate cause. At the close of the evidence the trial court granted plaintiff's motion for a directed verdict. The court gave two reasons for granting the motion. The first was that the plaintiff was not contributorially negligent as a matter of law. The second was that defendant was guilty of willful and wanton misconduct as a matter of law. The issue of damages went to the jury.

■ Defendant's first contention is that the trial court erred in holding defendant Bylund negligent as a matter of law. In considering whether the trial court properly took the issue of negligence from the jury we are bound by *Guerin v. Thompson*, 53 Wn.2d 515, 519, 335 P.2d 36 (1959):

> The court can determine negligence, as a matter of law, when (1) the standard of care fixed is the same under all circumstances, and its measure is defined by law, and (2) where the facts are undisputed and there is but one reasonable inference therefrom.

We shall consider each of these requirements in order.

Defendant argues that the standard of care is not fixed by law. He cites several cases outside this jurisdiction which hold that a driver of a vehicle, which cuts to the left of the center point of an intersection while turning left, is

not negligent as a matter of law. He argues, therefore, that negligence was properly a question for the jury.

The trial court did not base its decision on the undisputed fact that defendant, in turning left, crossed over the center point of the intersection. Rather, the court's decision is based on the undisputed fact that defendant, in turning left, crossed over both center lines of the intersecting streets. RCW 46.61.290 (2) encourages a driver to cross over the center *point* but makes it unlawful to cross over the center *lines*. Our statute reads:

> Left turns. The driver of a vehicle intending to turn left at any intersection shall approach the intersection in the extreme left-hand lane lawfully available to traffic moving in the direction of travel of such vehicle and after entering the intersection, the left turn shall be made so as to leave the intersection in a lane lawfully available to traffic moving in such direction upon the roadway being entered. Whenever practicable the left turn shall be made in that portion of the intersection to the left of the center of the intersection.

The lawful lanes of traffic on both 5th and N Streets are to the right of the center lines of each street. RCW 46.61.100. Thus, it is clear that the standard of care is fixed by law and is the same under all circumstances.

We turn next to determine whether defendant's crossing over the center lines is undisputed. From the testimony of defendant Bylund himself, it is clear that he crossed over the center lines. We quote from the statement of facts:

Q Do you know how far over that line you were? Mr. Bylund, my question is how far across that center line were you?

A Well, maybe it was about two feet, something like that.

Q You were two feet over the center line?

A Something like that. I never measured it, see.

Defendant's testimony also shows that the plaintiff was extremely close to the curb:

Q Do you know how close he was to the curb?

A Well, he would have to be far enough away from the curb so when he pedals he won't hit the curb.

Q  But he was very close to the curb?

A  Yeah, about a foot, two feet, something like that. He was on his side.

The plaintiff and the two other witnesses at the scene also placed the plaintiff within 2 feet of the curb.

It is undisputed that N Street is 30 feet 2 inches wide. It is also undisputed that the plaintiff stayed within 2 feet of the curb. It is further undisputed that the plaintiff's bicycle and the rear duals of defendant's truck collided. Thus the collision occurred near the curb and indicates that defendant had not only crossed the center lines while turning left, which is in itself a violation of the statute, but he had taken up almost all of the side of the road on which the minor plaintiff was permitted to travel. Under such circumstances there is no other reasonable inference but that defendant was negligent as a matter of law.

■■  Although defendant was negligent as a matter of law, such negligence will not make him liable for damages on the part of the plaintiff unless his negligence was a proximate cause of the collision. It is only when the operative facts are undisputed and the inferences plain that proximate cause becomes a question of law rather than a question of fact for the jury. *Ward v. Zeugner,* 64 Wn.2d 570, 392 P.2d 811 (1964); *Leach v. Weiss,* 2 Wn. App. 437, 467 P.2d 894 (1970). The fact that defendant took up almost all of the portion of the road on which the plaintiff was permitted to travel established that defendant's acts were a proximate cause of the collision.

Defendant's next contention is that the trial court erred in refusing to submit the issue of plaintiff's contributory negligence to the jury. The only evidentiary basis for this contention is Bylund's testimony that the minor plaintiff failed to stop at the stop sign.

Our discussion here is illustrated by a map introduced in evidence as exhibit 1. The map has been slightly modified to show the controlling points of this discussion. The center of each street is indicated by a solid line. The dotted lines

illustrate the prolongation of the curb lines. The "intersection" is the "area embraced within the prolongation of the lateral curb lines." RCW 46.04.220. The "intersection control area" is larger.[1]

■ We must, when deciding if this directed verdict was

---

[1]RCW 46.04.240 provides: " 'Intersection control area' means intersection area, together with such modification of the adjacent roadway area as results from the arc of curb corners and together with any marked or unmarked crosswalks adjacent to the intersection."

proper, grant to the defendant every reasonable inference from the evidence.

The plaintiff's standard of care is defined by RCW 46.61.190(2) and RCW 46.61.360(2). RCW 46.61.190(2) provides:

> Except when directed to proceed by a police officer or traffic-control signal, every driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop as required by RCW 46.61.360 subsection (2), and after having stopped shall yield the right of way to any vehicle which has entered the intersection from another highway or which is approaching so closely on said highway as to constitute an immediate hazard during the time when such driver is moving across or within the intersection.

RCW 46.61.360(2) does not necessarily require the plaintiff to stop at the stop sign because at 5th and N Streets there is neither a marked crosswalk nor a marked stop line. The statute reads:

> Except when directed to proceed by a police officer or traffic-control signal, every driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop before entering the crosswalk on the near side of the intersection or, in the event there is no crosswalk, shall stop at a clearly marked stop line, but if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering the intersection.

The evidence does not establish precisely how far into the intersection control area the plaintiff proceeded before the collision occurred. The only evidence fixing the point of impact is a blood mark on the pavement and Bylund's own testimony that the boy was always within 2 feet of the curb. The blood mark indicates where the boy fell and is located outside the intersection. This evidence gives rise to only two inferences: (1) the impact occurred before the bicycle crossed over the prolongation of the curb line of N Street; or (2) the impact occurred past the prolongation of the curb line and the force of the collision pushed the plaintiff back over the line to the blood mark. Since the

plaintiff was always within 2 feet of the curb, the collision could not have occurred within the intersection area.

If the accident occurred before the plaintiff crossed the prolongation of the curb line, the plaintiff did not violate his statutory duty because he yielded the right-of-way to all vehicles within the intersection. His alleged failure to stop *at* the stop sign was not a violation of statute and not contributory negligence per se. *See Hemrich v. Koch*, 177 Wash. 272, 31 P.2d 529 (1934), where the court held that the duty of a disfavored driver at a stop sign is discharged when he accords to other drivers the portion of the roadway over which they have a right to pass.

If the accident occurred after the plaintiff crossed the prolongation of the curb line, the point of impact would be southeast of the blood mark but still within 2 feet of the curb. If so, it is apparent that the defendant's truck took up not only the entire intersection but so much of the intersection control area that he would have struck the plaintiff's bicycle whether the plaintiff crossed over the line or not. Plaintiff's crossing over that line, if he did, was merely a condition of this accident, not a proximate or legal cause of it. The defendant's actions were the sole proximate cause of this injury. *Ferrin v. Donnellefeld*, 74 Wn.2d 283, 444 P.2d 701 (1968); *Ross v. Altvater*, 72 Wn.2d 63, 431 P.2d 701 (1967); *Stoneman v. Wick Constr. Co.*, 55 Wn.2d 639, 349 P.2d 215 (1960); *see Nance v. Metropolitan Transit Corp.*, 79 Wn.2d 274, 484 P.2d 904 (1971).

The trial court directed a verdict for the plaintiff on two theories. Since one of them was proper and will sustain it, we need not consider the second theory.

The judgment is affirmed.

PETRIE, C.J., and PEARSON, J., concur.

Petition for rehearing denied December 13, 1972.