[No. 1883-2.   Division Two.   January 20, 1977.]

CHERYLE L. HAMMOND, *Respondent*, v. EVERETT L. BRADEN, *Appellant*.

*Richard L. Prout, Henry W. Grenley,* and *Hageman, Prout, Kirkland & Coughlin,* for appellant.

*Rodger Gustafson* and *Griffin & Enslow,* for respondent.

REED, J.—Plaintiff Cheryle Hammond initiated this action to recover damages for personal injuries and property

loss sustained by her in an automobile accident occurring on February 15, 1974. The record indicates that Mrs. Hammond was proceeding south from Sumner towards Puyallup on State Route 512 at an estimated speed of 50 to 55 miles per hour, when she collided with defendant Everett Braden's vehicle. Mr. Braden, who had stopped at a stop sign situated back from the roadway at the intersection of State Routes 512 and 167, apparently intended to cross plaintiff's lane of traffic and turn north on State Route 512 towards Sumner. While waiting to proceed, defendant edged forward to obtain a better view of any oncoming traffic. Although the parties disagreed as to the point of impact, the investigating state patrolman concluded that Mr. Braden had crept up onto the highway and that the point of impact had been in the outer portion of plaintiff's lane of traffic.

At trial plaintiff introduced the deposition of Dr. R. F. Graham, a chiropractor, whose diagnosis was that Mrs. Hammond had a hematoma at the base of the skull and was suffering from pressure on the spinal cord at the medulla oblongata level. It was Dr. Graham's opinion that she would suffer some permanent disability and that there would be recurring weakness in her right leg. The jury returned a verdict of $7,500 in favor of plaintiff, and also denied defendant's counterclaim for damages to his vehicle.

On appeal defendant has assigned error to (1) the admission of Dr. Graham's deposition into evidence; (2) the trial court's failure to grant defendant's requested instruction relating to yielding the right-of-way; and (3) the trial court's allowing the jury to consider the loss of use of plaintiff's vehicle as an element of damages. For the reasons set forth below, we affirm the decision of the trial court.

■ The admissibility of depositions is governed by CR 32; CR 32(a)(3)[1] provides that when certain defined in-

___

[1]CR 32(a)(3) provides:

"The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: (A) that the witness is

stances of unavailability exist, a witness' deposition may be admitted as a substitute for his testimony. Here, when Dr. Graham indicated that he would be on vacation during the trial, his deposition was taken for the purpose of preserving his testimony. On the first day of trial and before the deposition was offered as evidence, defendant's counsel learned that Dr. Graham was in fact still in town and would not be leaving on his vacation until that evening. The following day plaintiff moved to publish Dr. Graham's deposition, and the court, over the objection of the defendant, allowed it to be read into evidence. Although Washington has not ruled directly on the question of at what point in time the deponent must be unavailable in order for his deposition to be admitted as a substitute for his testimony, it has been held that the unavailability of the deponent is to be determined at the time his deposition is offered into evidence. *E.g., Schmitt v. Jenkins Truck Lines, Inc.,* 170 N.W.2d 632 (Iowa 1969); *Mills v. Dortch,* 142 N.J. Super. 410, 361 A.2d 606 (1976); *cf. Vannoy v. Pacific Power & Light Co.,* 59 Wn.2d 623, 369 P.2d 848 (1962). While recognizing there is not complete harmony among the decisions, Wigmore states:

> Where the witness, at some time since trial begun [*sic*] and prior to the moment when his deposition is offered, has been within reach of process, but is *not at the precise moment,* the deposition's admissibility would seem to depend on whether the witness' absence is due in any respect to bad faith on the proponent's part; . . .

5 J. Wigmore, *Evidence* § 1415, at 240-41 (Chadbourn rev. 1974) (citing cases in footnote 3). Here there is no allega-

---

dead; or (B) that the witness resides out of the county and more than 20 miles from the place of trial, unless it appears that the absence of the witness was procured by the party offering the deposition; or (C) that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; or (D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or (E) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used."

tion of bad faith, and there is evidence that at the time Dr. Graham's deposition was offered, he was out of the country. Accordingly, we find that the trial court did not abuse its discretion when it admitted the deposition. *In re Estate of Maher*, 195 Wash. 126, 79 P.2d 984, 117 A.L.R. 91 (1938); *Kellogg v. Wilcox*, 46 Wn.2d 558, 283 P.2d 677 (1955).

■■ Defendant also assigns error to the failure of the trial court to give his requested instruction, which reads as follows:

> The duty of a disfavored driver at a stop sign is discharged when he yields to other drivers that portion of the roadway over which they have the right to pass.

If a party's theory of the case can be argued under the instructions given when read as a whole, then a trial court's refusal to give a requested instruction is not reversible error. *E.g., Kjellman v. Richards*, 82 Wn.2d 766, 514 P.2d 134 (1973); *Balandzich v. Demeroto*, 10 Wn. App. 718, 519 P.2d 994 (1974). Here the instructions given were more than sufficient to permit defendant to argue his theory of the case.[2] Additionally, we note that the requested instruction is taken from similar language in *Foster v. Bylund*, 7 Wn. App. 745, 503 P.2d 1087 (1972), but is not part of an instruction in that case. The fact that a statement is made by an appellate court does not mean it can be properly incorporated into a jury instruction. *Boley v. Larson*, 69 Wn.2d 621, 419 P.2d 579 (1966); *Turner v. Tacoma*, 72 Wn.2d 1029, 435 P.2d 927 (1967).

■ Defendant's final assignment of error relates to the jury's being allowed to consider loss of use of plaintiff's totally destroyed vehicle as an element of damages. *See McCurdy v. Union Pac. R.R.*, 68 Wn.2d 457, 413 P.2d 617

---

[2]Instruction No. 7 reads as follows:

"As to arterial intersections as the one involved in this case, the law in the State of Washington provides that:

"Every driver approaching a stop intersection indicated by a stop sign shall stop and after having stopped shall yield the right of way to any vehicle which is approaching so closely on said arterial highway as to constitute an immediate hazard during the time when such driver is moving across or within the intersection."

(1966). At trial defendant objected to the admission into evidence of a bill for a rental car used by plaintiff until she obtained a replacement vehicle. We need not reach the merits of this assignment for defendant has failed to properly preserve this alleged error. Plaintiff's husband was allowed to testify at trial without objection to the fact that it was necessary to rent an automobile after the accident and that the cost of so doing was $262.77. The admission of the rental bill was merely cumulative and any error in its admission cannot be deemed prejudicial to the defendant. *Myers v. Harter*, 76 Wn.2d 772, 459 P.2d 25 (1969); *Bond v. Wiegardt*, 36 Wn.2d 41, 216 P.2d 196 (1950). Additionally, the court instructed the jury that the measure of damages for injury proximately caused by the defendant would include "such sum as will reasonably compensate for any loss of use of any damaged property during the time reasonably required for its replacement." No error was assigned to the giving of this instruction, and therefore it became the law of the case. *E.g., Ryan v. Westgard*, 12 Wn. App. 500, 530 P.2d 687 (1975); *O'Brien v. Artz*, 74 Wn.2d 558, 445 P.2d 632 (1968).

Judgment affirmed.

PETRIE, C.J., and JOHNSON, J. Pro Tem., concur.