IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| DOMINIQUE KEIMBAYE, | No. 84503-9-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| KIMBERLY A. EXE, | |
| Respondent. | |

DÍAZ, J. — A jury denied Dominique Keimbaye the economic damages he sought following a motor vehicle collision with Kimberly Exe. Keimbaye now asserts pro se that numerous erroneous decisions of the trial court precluded a fair jury from considering relevant evidence supporting those damages. We disagree and affirm.

I.     BACKGROUND

In June 2018, Exe rear-ended Keimbaye on Interstate 405. In June 2021, Keimbaye sued Exe and represented himself at trial, where he sought to recover economic damages for medical expenses and lost wages, as well as noneconomic damages. Exe admitted fault for the underlying collision. The trial court instructed the jury that the issue before it was "what damages, if any, to [Keimbaye] were proximately caused by [Exe]'s negligence and what amount, if any, [Keimbaye]

should recover."

At trial, the only testimony Keimbaye presented in his case in chief was his own. Keimbaye offered into evidence exhibit 8, which included a list of his claimed medical expenses and lost wages. The trial court admitted a redacted version as exhibit 15.

After Keimbaye rested his case, Exe moved for judgment as a matter of law as to Keimbaye's medical expenses. The trial court granted Exe's motion, reasoning that, because Keimbaye did not present any testimony from a medical expert, he failed to meet his burden to prove a causal link between the collision and his medical expenses. After the trial court so ruled, Exe decided not to call her medical expert, Dr. Alan Brown.

Exe presented testimony from Peggy Simmard, a human resources representative for Providence Health Services (Providence). Simmard testified that, at the time of the underlying collision, Keimbaye was employed by Providence but on administrative leave and, four days later, Providence terminated Keimbaye for cause.

The jury awarded Keimbaye $20,000 in noneconomic damages and zero dollars in economic damages. Keimbaye moved for a new trial, and the trial court denied the motion. Keimbaye appeals.

## II. ANALYSIS

Keimbaye, who continues to represent himself on appeal, makes 20 assignments of error. We hold pro se litigants to the same rules of procedure and substantive law as we do licensed attorneys. Holder v. City of Vancouver, 136

Wn. App. 104, 106, 147 P.3d 641 (2006). An appellant's brief must contain "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6). Arguments unsupported by references to the record or citation to authority need not be considered, nor do claims presented without meaningful analysis. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011). And, this court will not "comb the record with a view toward constructing arguments" for a litigant. In re Estate of Lint, 135 Wn.2d 518, 532, 957 P.2d 755 (1998).

A number of Keimbaye's arguments fail under the foregoing standards because they are unsupported by citations to the record or by sufficient argument and authority. For example, he makes generalized complaints about the trial court's handling of jury selection, its unidentified "evidentiary rulings," alleged "limitations" and "restrictions" on the presentation of his case, and the trial court's rulings on Exe's objections during cross-examination.[1] But he does not articulate how the trial court erred much less cite any authority requiring reversal. Thus, we decline to consider those claims. Cowiche Canyon Conservancy, 118 Wn.2d at 809.

More specifically as to the court's evidentiary rulings, Keimbaye correctly points out that ER 402 states that all relevant evidence is admissible but he ignores the part of ER 402 stating, "*except* as . . . otherwise provided . . . by these rules."

---

[1] Assignments of error 2-5, and 7.

(Emphasis added.) And while he invokes the Sixth Amendment to the United States Constitution, "[t]he rights arising under the Sixth Amendment are inapplicable to civil cases." Mason v. Mason, 19 Wn. App. 2d 803, 822, 497 P.3d 431 (2021). Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration. Brownfield v. City of Yakima, 178 Wn. App. 850, 876, 316 P.3d 520 (2013).

Keimbaye also takes issue with the trial court's "handling" of his pro se status.[2] But Keimbaye does not point to any abuse of the trial court's discretion to manage its courtroom, and the record reveals that the court was rather accommodating of Keimbaye, thoroughly explaining its rulings while being mindful not to cross the line into improperly assisting him. See cf. Hickock-Knight v. Wal-Mart Stores, Inc., 170 Wn. App. 279, 309 n.11, 284 P.3d 749 (2012) ("Trial courts have wide discretion to manage their courtrooms and to conduct trials fairly, expeditiously, and impartially."); Edwards v. Le Duc, 157 Wn. App. 455, 464, 238 P.3d 1187 (2010) (trial court abused its discretion by denying defendant's motion for new trial where the court repeatedly assisted the pro se plaintiff during trial rather than treating her as it would a lawyer). "It is not the responsibility of this court to attempt to discern what it is appellant may have intended to assert that might somehow have merit." Port Susan Chapel of the Woods v. Port Susan Camping Club, 50 Wn. App. 176, 188, 746 P.2d 816 (1987).

Keimbaye next asserts a number of (more specific) errors having to do with the trial court's exclusion of evidence that Exe was negligent and its decision not

---

[2] Assignment of error 15.

to give Keimbaye's proposed jury instructions on the duty of ordinary care and contributory negligence.[3]  But even if the trial court erred, any error was at best harmless given that Exe's negligence was uncontested and not before the jury.  Accordingly, Keimbaye does not establish a basis for reversal.  See Saleemi v. Doctor's Assocs., Inc., 176 Wn.2d 368, 381, 292 P.3d 108 (2013) (courts do not reverse civil judgments for harmless error).

Keimbaye also challenges the trial court's rulings about exhibit 8 and its exclusion of other evidence of Keimbaye's medical expenses.[4]  The trial court admitted a modified version of exhibit 8, excising its references to Keimbaye's legal costs (the exclusion of which Keimbaye does not challenge), and a personal loan that Keimbaye claimed he used to pay his medical expenses.[5]  To this end, Keimbaye does not assign error to the trial court's ruling granting Exe's motion for judgment as a matter of law as to causation, nor does he address or analyze the standards under CR 50, which governs such motions.  Without arguing—much less showing—that the trial court erred by concluding that Keimbaye's evidence was insufficient to show the collision proximately caused his medical expenses, Keimbaye cannot show it was error to exclude evidence of the *amount* of those expenses.  Thus, it was not an abuse of discretion to exclude this evidence.  State v. Nava, 177 Wn. App. 272, 289, 311 P.3d 83 (2013) ("Decisions involving evidentiary issues lie largely within the sound discretion of the trial court and

---

[3] Assignments of error 1, 8-10.

[4] Assignments of error 6, 11-12, 14, 18-19.

[5] Keimbaye argues that the trial court erred by sustaining objections to the first two pages of exhibit 8.  But although Exe initially objected to those pages, she later withdrew her objections, and the trial court admitted those pages.

ordinarily will not be reversed on appeal absent a showing of abuse of discretion.").

In response, Keimbaye claims Dr. Brown would have confirmed the causal connection and takes issue with the fact that Dr. Brown did not testify.[6]  But Keimbaye bore the burden to prove proximate cause, Little v. Countrywood Homes, Inc., 132 Wn. App. 777, 780, 133 P.3d 944 (2006), and as the trial court explained below, Keimbaye could have—but did not—call Dr. Brown in his case in chief.

Keimbaye next suggests that the trial court was biased.[7]  But the trial court is presumed to perform its functions without bias or prejudice, State v. Leon, 133 Wn. App. 810, 813, 138 P.3d 159 (2006), and the citations to the record Keimbaye provides do not reveal anything that would overcome this presumption.  Keimbaye claims further that the trial court failed to address "potential collaboration" between Exe and Providence,[8] and when he raised this issue below, he argued that the only reason Exe planned to call a witness from Providence was to "eliminate" his wage loss claim.  But he cites no authority for the proposition that this was unfair or improper, as opposed to a legitimate defense strategy.[9]  Thus, we decline to consider those claims.  Cowiche Canyon Conservancy, 118 Wn.2d at 809.

Finally, Keimbaye argues that the trial court misapplied RCW 4.76.030 by

---

[6] Assignment of error 17.

[7] Assignment of error 13.

[8] Assignment of error 16.

[9] In a July 25, 2023 submission to this court, Keimbaye requested that we take additional evidence of alleged impropriety on the part of Exe's counsel and the trial court.  But this court generally does not take evidence, and Keimbaye does not address the factors in RAP 9.11(a) regarding the taking of additional evidence on review.  Keimbaye's request is hereby denied.

denying his motion for a new trial.[10]  RCW 4.76.030 authorizes the court to order a new trial if it "find[s] the damages awarded by a jury to be so excessive or inadequate as unmistakably to indicate that the amount thereof must have been the result of passion or prejudice."

But Keimbaye did not rely on RCW 4.76.030 or argue passion or prejudice below.  Instead, his motion was based on CR 59(a)(7) ("there is no evidence or reasonable inference from the evidence to justify the verdict or the decision") and CR 59(a)(9) ("substantial justice has not been done").  The thrust of his motion was that he should get another opportunity to present testimony from his treating physicians or from Dr. Brown.  We will not consider Keimbaye's statutory argument for the first time on appeal.  See Wingert v. Yellow Freight Sys., Inc., 146 Wn.2d 841, 853, 50 P.3d 256 (2002) (arguments not raised in the trial court generally will not be considered on appeal).

Keimbaye also fails to show that the trial court abused its discretion by not giving him a second chance to call known witnesses that he did not call the first time.  Cf. Henderson v. Thompson, 200 Wn.2d 417, 430, 518 P.3d 1011 (2022) ("We review a trial court's decision on a motion for a new trial for abuse of discretion."); 14A DOUGLAS J. ENDE, WASHINGTON PRACTICE: CIVIL PROCEDURE § 22:25, at 29 (3d ed. 2018) (CR 59 motion "does not provide litigants with an opportunity for a second bite at the apple.").

---

[10] Assignment of error 20.

### III.    CONCLUSION

We affirm.[11]

_Díaz, J._

WE CONCUR:

_Feldman, J._                        _Birk, J._

---

[11] Keimbaye has appended to his brief of appellant a "MOTION FOR REVERSAL/REQUEST FOR ADDITUR," but that motion is not properly before this court and is hereby denied.