[No. 16177.  Department Two.  February 23, 1921.]

LEONARD LONGMIRE *et al., Respondents,* v. YELM
IRRIGATION DISTRICT, *Appellant.*[1]

WATERS AND WATER COURSES—FLOWAGE—INJURIES FROM CONSTRUC-
TION OF DITCH—EVIDENCE—SUFFICIENCY. An irrigation district im-
pounding and conveying water is bound to exercise only ordinary
care in the construction of ditches, and an owner of land lying be-
low the ditch cannot recover damages caused by overflowing the
land through seepage without showing that the ditch was negli-
gently constructed; and in the absence of evidence, negligence will
not be presumed.

Appeal from a judgment of the superior court for
Thurston county, Wright, J., entered November 2,
1919, upon the verdict of a jury rendered in favor of
the plaintiffs, in an action for an injunction and
damages. Reversed.

*Geo. F. Yantis* and *Troy & Sturdevant,* for appel-
lant.

*Thomas M. Vance,* for respondent.

TOLMAN, J.—Respondents as plaintiffs brought this
action against appellant as defendant, to restrain the
operation of an irrigation canal and to recover dam-
ages to growing crops, alleged to have been suffered
during the year 1918, by reason of the negligent and
improper construction and operation of the canal.

At the trial below, no evidence of improper or negli-
gent construction or operation was offered, respond-
ents going no further than to offer testimony to the
effect that the canal followed a ridge some thirty or
forty feet above the land where the damage is alleged
to have occurred, and that the character of the soil
of the ridge through which the canal runs is partly
gravel, with some sand, and that, after the canal was

[1]Reported in 195 Pac. 1014.

constructed and in operation, there was an increased seepage of water from the hillside below the canal onto the lands affected, rendering a portion unfit for cultivation, and lessening and damaging the crops on an additional area.

At the close of respondents' case, appellant moved for a nonsuit because of the failure to show negligent construction or operation of the canal (and for other reasons), which motion being denied, it offered evidence tending to show that there was no greater seepage from the hillside when the canal was in operation than when it was not, or than had occurred before the canal was constructed; and also offered evidence to the effect that, upon the opposite side of the ridge, was a slough containing a considerable body of water upon a higher level than the lands alleged to have been damaged, and distant but little more than five hundred feet therefrom, and from which the seepage might have come. A verdict for four hundred fifty dollars was rendered against the appellant, who moved for judgment *non obstante veredicto,* and in the alternative for a new trial. These motions being denied,. a judgment was entered on the verdict, from which this appeal is prosecuted.

We have already held that one who impounds water is bound to exercise such reasonable care and caution in the construction, maintenance and operation of his works as a reasonably careful and prudent person, acquainted with the conditions, would exercise under like circumstances, but that he is not an insurer. *Anderson v. Rucker Bros.,* 107 Wash. 595, 183 Pac. 70, 186 Pac. 293. The law seems to be well settled in this country that ditch owners are bound to exercise only ordinary care in the construction and maintenance of their ditches (15 R. C. L. 488), and that an owner of land lying below an irrigation ditch cannot

recover for damages caused by seepage without showing that the ditch was negligently constructed or operated. *North Sterling Irr. Dist. v. Dickman,* 59 Colo. 169, 149 Pac. 97, Ann. Cas. 1916 D 973; *Nahl v. Alta Irr. Dist.,* 23 Cal. App. 333, 137 Pac. 1080.

Respondents rely upon the case of *Howell v. Big Horn Basin Col. Co.,* 14 Wyo. 14, 81 Pac. 785, 1 L. R. A. (N. S.) 596, but a careful reading of that case convinces us that it announces no other or different doctrine. It is there said:

"The district court therefore properly held that the plaintiff could not recover for the damage from seepage unless the same was shown to have resulted from the negligence of defendant. We think, however, that the evidence does not support the finding of no negligence.

"As already explained, the ditch from the reservoir runs along a side hill above the premises of plaintiff, where, at least in one place, a cut was made through sand banks, and in two or three places a fill was made by scraping sand and gravel down from the side of the hill to form the bottom and lower bank of the ditch; thus bringing the bottom some five or six feet above the natural level of the ground. The seepage complained of most probably came from the parts of the ditch so constructed. The engineer in charge of its construction testified that, in his opinion, the seepage came from the cut through the sand banks, and that was also the opinion of the defendant's manager, on account, as he says, 'of the loose condition of the sand banks.'

"It appears that, at the time of construction, water was turned in and teams used in an endeavor to tramp the earth solid; but whether the company made any such endeavors after commencing the operation of the ditch, and the appearance of the seepage on plaintiff's land, is not sufficiently disclosed. The defendant's witnesses testified that the seepage was becoming less each year because of the natural washing down and deposit of sediment in the ditch, as a consequence of

the flow of water therein during each irrigating season; and, while the evidence shows that the officers and agents of the company knew of the seepage, it fails to show, we think, sufficient, if any, precautions on the part of the defendant to prevent the same.

"It is true that the defendant's engineer testified that the canal was properly constructed and on proper grade to carry the water. But that opinion is clearly insufficient to sustain the finding that there was no negligence, in the face of the fact that the water constantly seeped from the ditch to the knowledge of defendant, as a result of its construction through unusually loose and porous soil, without proper effort to prevent it. *Reed v. State,* 108 N. Y. 407, 15 N. E. 735.

"We need not decide whether a ditch owner would be liable for temporary seepage that might be the usual and necessary incident of a new ditch constructed by excavation in the generally prevailing soil of the country and in the usual manner. The question in that case even would depend upon the existence or non-existence of negligence."

In the absence of any evidence as to how the canal was constructed except that it was over and through a gravelly hillside, since negligence is never presumed, the presumption would be that the canal was properly constructed to meet such conditions. Conceding that the jury might properly find from the evidence that the seepage came from the canal, in the absence of any evidence of negligent construction or operation, to permit the verdict to stand would be tantamount to holding that appellant was an insurer. We conclude that the motion for nonsuit or for judgment *non obstante* should have been granted. The judgment is reversed with directions to enter a judgment of dismissal.

PARKER, C. J., MAIN, MOUNT, and MITCHELL, JJ., concur.