IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ELIODORO CUEVAS LOPEZ, a single man; VICTOR CUEVAS, a single man; JOSE CUEVAS, a single man, | ) ) ) | No. 39848-0-III |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| COLUMBIA IRRIGATION DISTRICT, a municipal corporation, | ) ) | |
| | ) | |
| Respondent. | ) | |

COONEY, J. — Eliodoro Cuevas Lopez and his two sons (collectively Mr. Lopez)

purchased 50 acres of property in Benton County in 2013. The Columbia Irrigation

District (CID) owns and operates an irrigation canal that borders a portion of Mr. Lopez's

property. In 2015, Mr. Lopez removed many of the Russian olive trees that existed on

his property. Sometime thereafter, he filed suit against CID claiming that leaks in its

irrigation canal caused a portion of his property to become saturated, rendering it

unusable. Mr. Lopez's claims were for negligence, trespass, nuisance, and

unconstitutional taking. CID brought a motion for summary judgment dismissal of Mr.

Lopez's claims that was granted by the trial court. Mr. Lopez appeals. We affirm.

BACKGROUND

Mr. Lopez purchased approximately 50 acres of property in Benton County in 2013. The CID owns and operates an irrigation canal that borders a portion of Mr. Lopez's property. This canal has existed since at least 1920. The portion of the canal that borders Mr. Lopez's property is unlined.

When Mr. Lopez purchased the property, a large portion of the land contained an abundance of Russian olive trees. Sometime in 2015, Mr. Lopez removed many of these trees because he wanted to "work the land." Clerk's Papers (CP) at 242.

In 2021, Mr. Lopez brought suit against CID claiming that his property had "become a swamp because of the leaks and failure to properly maintain the canal and control the water." CP at 2. In his complaint, Mr. Lopez alleged that CID "is liable for damages to [Mr. Lopez] on the basis of negligence, trespass, nuisance, and an unconstitutional taking." *Id*.

CID filed a motion for summary judgment dismissal of Mr. Lopez's claims. CID argued the subsequent purchaser rule barred Mr. Lopez's takings claim, and that there was no evidence that the "water issue on" Mr. Lopez's property was caused by the negligence of CID, which in turn barred his negligence, trespass, and nuisance claims. CP at 329.

To support its motion, CID filed a declaration of its expert witness, Paul Cross, a civil engineer. Mr. Cross opined that though the canal does seep water, some of the

water on Mr. Lopez's property is "natural ground and surface water" that would exist even if the "CID canal was not there." CP at 327-28. He also stated that "[i]t is apparent from my examination of the canal and CID's records that the seepage characteristics of the canal have been the same for many years, certainly since before 2013, when I understand [Mr. Lopez] to have purchased the property." CP at 329. Mr. Cross declared that "[R]ussian olives serve to absorb or soak up much of the groundwater on the west portion of the property" and he therefore opined the removal of the Russian olive trees resulted in the "presence of more ground and surface water on that portion of the property." CP at 328.

Additionally, Bob Ingraham, an employee of CID since 1999, filed a declaration in which he stated that he was "aware that some water does seep from the canal." CP at 336. However, he declared "there have been no changes to [the] section of canal [bordering Mr. Lopez's property] since I started work for CID in 1999, that would in any way increase the amount of water that seeps from the canal." *Id*. He also stated, based on his observations, that the only thing that had changed since 1999 was the "clearcutting of the [R]ussian olive trees in 2015," which seemed to "increase[ ] the ground and surface water on [Mr. Lopez's] property." *Id*.

Mr. Lopez opposed CID's motion and filed a declaration of his own expert witness, Michael Black, a professional engineer. Mr. Black declared that "[t]he CID canal leaks substantial water and saturates the soil over a significant portion of [Mr.

3

Lopez's] property. In some cases" flooding it. CP at 358. Mr. Black opined that "the substantial cause of the soil saturation/flooding" was due to the CID's canal. CP at 358. Mr. Black concluded that, in his opinion, the CID canal "is substantially or totally impacting groundwater flow, soil saturation, and seep runoff" onto Mr. Lopez's property. CP at 377.

CID brought a motion to strike Mr. Black's declaration, arguing that he was not qualified to express an opinion on negligence for the construction, operation, or maintenance of the canal and that his declaration was conclusory. The trial court's ruling on this motion was unclear, but the court described Mr. Black's declaration as "conclusory" and "not based on any facts." Rep. of Proc. (RP) at 70.

Ultimately, the trial court granted CID's motion for summary judgment, thereby dismissing Mr. Lopez's claims for nuisance, trespass, negligence, and unconstitutional taking. Thereafter, Mr. Lopez brought a motion for reconsideration that was denied.

The parties then stipulated to dismiss "all other claims and counterclaims" without prejudice to allow Mr. Lopez to appeal. CP at 508-09. Mr. Lopez timely appeals.

ANALYSIS

On appeal, Mr. Lopez argues his negligence claim was improperly dismissed on summary judgment. CID responds that Mr. Lopez's negligence claim, as well as his other tort claims, were properly dismissed because the subsequent purchaser rule bars his takings claim, which in turn bars his tort claims. We agree with CID.

4

No. 39848-0-III
*Lopez, et al. v. Columbia Irrig. Dist.*

We review orders on summary judgment de novo. *Keck v. Collins*, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Summary judgment is only appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.*; CR 56(c). The moving party bears the initial burden of establishing that there are no disputed issues of material fact. *Young v. Key Pharms., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989). "A material fact is one upon which the outcome of the litigation depends in whole or in part." *Atherton Condo. Apartment-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co.*, 115 Wn.2d 506, 516, 799 P.2d 250 (1990).

When considering a motion for summary judgment, evidence is considered in a light most favorable to the nonmoving party, here, Mr. Lopez. *Keck*, 184 Wn.2d at 370. If the moving party satisfies its burden, then the burden shifts to the nonmoving party to establish there is a genuine issue for the trier of fact. *Young*, 112 Wn.2d at 225-26. While questions of fact typically are left to the trial process, they may be treated as a matter of law if "reasonable minds could reach but one conclusion." *Hartley v. State*, 103 Wn.2d 768, 775, 698 P.2d 77 (1985).

A nonmoving party may not rely on speculation or having its own affidavits accepted at face value. *Seven Gables Corp. v. MGM/UA Entm't Co.*, 106 Wn.2d 1, 13, 721 P.2d 1 (1986). Instead, a nonmoving party must put "forth specific facts that sufficiently rebut the moving party's contentions and disclose that a genuine issue as to a material fact exists." *Id.*

5

Mr. Lopez argues that the court erroneously dismissed his negligence claim on summary judgment.[1]  He argues that the trial court ignored his expert's opinion and improperly construed the facts in a light most favorable to CID, the moving party.  CID responds that the subsequent purchaser rule bars Mr. Lopez's takings claim and because the takings claim is barred, his common law tort claims are also barred.  Thus, CID contends that summary judgment dismissal of Mr. Lopez's claims was proper.  We agree with CID.

TAKINGS CLAIM AND SUBSEQUENT PURCHASER RULE

In his complaint, Mr. Lopez alleged that CID "is liable for damages to [Mr. Lopez] on the basis of negligence, trespass, nuisance, and an *unconstitutional taking*."  CP at 2 (emphasis added).

CID claims that the subsequent purchaser rule bars Mr. Lopez's constitutional takings claim which, in turn, bars his common law tort claims.  As a threshold issue, on reply, Mr. Lopez argues the subsequent purchaser rule was raised for the first time on appeal and should not be addressed.  Reply Br. of Appellants at 8; RAP 2.5(a).  Mr. Lopez is incorrect.[2]  CID explicitly argued that the subsequent purchaser rule barred Mr.

---

[1] Though the court also dismissed his nuisance, trespass, and constitutional takings claims, Mr. Lopez argues in his brief only that his negligence claim should not have been dismissed on summary judgment.

[2] Mr. Lopez also argues that "[n]owhere in the answer does the CID allege as an affirmative defense that the claim is barred by the 'Subsequent Purchaser Rule.'"  Reply Br. of Appellants at 5.  However, "the subsequent purchaser rule is not a defense and is

Lopez's constitutional claim in its motion for summary judgment below, and again during argument on the motion.

The government may not take or damage one's private property for public use without just compensation. WASH. CONST. art. I, § 16. "An inverse condemnation action seeks to recover the value of property affected by a governmental taking or damaging that occurred without a formal exercise of the power of eminent domain." *Maslonka v. Pub. Util. Dist. No. 1 of Pend Oreille County*, 1 Wn.3d 815, 825, 533 P.3d 400 (2023) (citing *Dickgieser v. State*, 153 Wn.2d 530, 534-35, 105 P.3d 26 (2005)). In order to prevail on an inverse condemnation claim, the claimant must show there has been "(1) a taking or damaging (2) of private property (3) for public use (4) without just compensation being paid (5) by a governmental entity that has not instituted formal proceedings." *Fitzpatrick v. Okanogan County*, 169 Wn.2d 598, 605-06, 238 P.3d 1129 (2010).

Not every landowner can recover for damages caused by governmental conduct by way of an inverse condemnation action. *Maslonka*, 1 Wn.3d at 825. "The subsequent purchaser rule prohibits landowners from suing for property damage caused by governmental conduct that occurred prior to their ownership" of the property. *Id.* A new taking occurs when additional governmental action causes a measurable decline in the market value of affected property. *Id.* at 828. However, when governmental action

---

instead a doctrine of standing." *Maslonka v. Pub. Util. Dist. No. 1 of Pend Oreille County*, 1 Wn.3d 815, 826, 533 P.3d 400 (2023).

7

causes known flooding prior to a landowner's acquisition of the property, a new cause of action does not arise with each flood absent additional governmental action. *Id.* at 828-29. Thus, to defeat summary judgment, Mr. Lopez must have demonstrated that a *new* governmental action or taking occurred following his acquisition of the property. *Id.* at 828.

Mr. Lopez failed to demonstrate that there was a genuine issue of material fact related to whether a new governmental action or taking occurred after his purchase of the property. Thus, his takings claim is barred by the subsequent purchaser rule.

On summary judgment, CID submitted a declaration from their expert, Mr. Cross, in which he stated: "It is apparent from my examination of the canal and CID's records that the seepage characteristics of the canal have been the same for many years, certainly since before 2013, when I understand [Mr. Lopez] to have purchased the property." CP at 329. He also declared the removal of the Russian olive trees, which Mr. Lopez testified occurred in 2015, resulted in the "presence of more ground and surface water on that portion of the property." CP at 328. CID also produced a declaration from Mr. Ingraham in which he declared there had been no changes to the CID canal since he began working for CID in 1999 that in any way increased the amount of water that seeps from it.

In response, Mr. Lopez submitted a declaration from his expert, Mr. Black, but it failed to establish a genuine issue of material fact. First, following CID's motion to

strike, it is unclear whether the trial court even considered the declaration. Indeed, the trial court noted that Mr. Black's declaration was "conclusory" and "not based on any facts." RP at 70.

However, even if Mr. Black's declaration was considered, nothing in it or in his attached report rebutted CID's evidence that the seepage was occurring at the same rate prior to Mr. Lopez's purchase of the property. Instead, Mr. Black simply concluded that the CID's canal "is substantially or totally impacting groundwater flow, soil saturation, and seep runoff" onto Mr. Lopez's property. CP at 377. This conclusion was insufficient to rebut Mr. Cross's opinion that the seepage rate remained the same before and after Mr. Lopez's purchase of the property.

Thus, Mr. Lopez's takings claim was properly dismissed on summary judgment pursuant to the subsequent purchaser rule.

TORT CLAIMS

Turning to Mr. Lopez's common law tort claims of nuisance, trespass, and negligence, CID argues they are all barred because his underlying takings claim is barred by the subsequent purchaser rule. We agree.

Although a landowner could pursue tort recovery when the governmental action does not rise to a taking, such a case could not be based on one governmental action like continuous flooding. *Maslonka*, 1 Wn.3d at 832-33. In *Maslonka*, our Supreme Court held that "where the subsequent purchaser rule bars their underlying takings claim" a

9

plaintiff cannot recover "in tort for the same underlying conduct." *Id*. at 833. The court reasoned that "[i]f tort claims exist as a backup theory of recovery for otherwise barred inverse condemnation claims, subsequent purchasers could endlessly sue governmental entities in tort." *Id.* at 833. Thus, the court held the Maslonkas "should not be permitted to proceed in tort if they cannot prove inverse condemnation as subsequent purchasers." *Id.*

Similarly, here, Mr. Lopez's claims all arise from the same underlying conduct—the seepage of CID's irrigation canal that runs along his property and makes some of it unusable during certain periods of the year. Mr. Lopez cannot maintain an action in tort for this conduct because his inverse condemnation claim is barred by the subsequent purchaser rule. Mr. Lopez's common law tort claims of trespass, nuisance, and negligence were properly dismissed.

Mr. Lopez devotes almost the entirety of his briefing to his negligence claim. He claims "when the testimony of the witnesses [is] construed most favorably to the plaintiff, the evidence indicates a justifiable inference that the CID failed to control the water in its canal, and permitted it to flood the property of [Mr. Lopez]. The issue of negligence is for the jury." Opening Br. of Appellants at 14. However, notwithstanding the subsequent purchaser rule, Mr. Lopez failed to create a genuine issue of material fact related to whether CID was negligent in the construction, operation, or maintenance of its canal.

10

"[O]ne who impounds water is bound to exercise such reasonable care and caution in the construction, maintenance, and operation of his works as a reasonably careful and prudent person, acquainted with the conditions, would exercise under like circumstances." *Longmire v. Yelm Irrig. Dist.*, 114 Wash. 619, 620, 195 P. 1014, *aff'd*, 117 Wash. 702, 201 P. 788 (1921). "[The] owner of land lying below an irrigation ditch cannot recover for damages caused by seepage without showing that the ditch was negligently constructed or operated." *Id.* at 620-21.

Mr. Lopez's expert, Mr. Black, simply stated that "[i]t is my opinion that the substantial cause of the soil saturation/flooding on the Eliodoro Cuevas Lopez property is caused by the failure of CID to reasonably control its water." CP at 358. Mr. Black's opinion was conclusory and did not create a genuine issue of material fact.

RES IPSA LOQUITUR

Mr. Lopez also asserts the doctrine of res ipsa loquitur applies. Again, notwithstanding that the subsequent purchaser rule bars his negligence claim, his res ipsa loquitur argument fails on the merits. The doctrine of res ipsa loquitur is applicable only when the evidence shows:

> (1) the accident or occurrence producing the injury is of a kind which ordinarily does not happen in the absence of someone's negligence, (2) the injuries are caused by an agency or instrumentality within the exclusive control of the defendant, and (3) the injury-causing accident or occurrence is not due to any voluntary action or contribution on the part of the plaintiff.

11

*Zukowsky v. Brown*, 79 Wn.2d 586, 593, 488 P.2d 269 (1971) (quoting *Horner v. N. Pac.*

*Beneficial Ass'n Hosps.*, 62 Wn.2d 351, 359, 382 P.2d 518 (1963).  First, canal seepage

can and does occur in the absence of negligence.  *See Longmire*, 114 Wash. at 620.

Second, CID's expert opined that, though the CID canal does seep, some of the water on

Mr. Lopez's property there is "natural ground and surface water" that would exist even if

the "CID canal was not there."  CP at 328.  Mr. Black's opinion was that "the *substantial*

cause of the soil saturation/flooding" was due to CID's canal.  *Id*. (emphasis added).

Thus, the alleged injury (the water on Mr. Lopez's property) is not in the exclusive

control of CID.  For these reasons alone, the doctrine of res ipsa loquitur is inapplicable.

We affirm the trial court's dismissal of Mr. Lopez's claims.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Cooney, J.

WE CONCUR:

_____    _____
Lawrence-Berrey, C.J.          Staab, J.